Argued and submitted April 6, affirmed April 28, 1971

ROBERTS, *Appellant, v.* PENDLETON
AIRMOTIVE, INC., *Respondent.*

484 P2d 308

*Milo O. Pope,* Milton-Freewater, argued the cause for appellant. With him on the briefs were Galbreath & Pope, Milton-Freewater.

*Robert W. Collins,* Pendleton, argued the cause and filed a brief for respondent.

Before McAllister, Presiding Justice, and
Denecke, Holman, Tongue, Howell, and Bryson,
Justices.

## DENECKE, J.

The plaintiff suffered injuries when her car
collided with a car owned by the defendant but op-
erated by a 15-year-old boy who was driving the car
without the defendant's permission. Plaintiff sought
to impose liability upon the ground that the defendant
made the car accessible to the boy whom the defendant
should have known was apt to take the car without
permission and to drive the car negligently. The trial
court granted defendant's motion for a nonsuit and
plaintiff appeals.

The defendant sells, rents and services aircraft
at the Pendleton airport. It owns and maintains two
older cars which are used as courtesy cars. These are
normally parked at the airport next to defendant's
office. Any one of defendant's eight to ten employees
could lend the cars to customers and they were out on
loan for varying periods of time. Some loans were for
several weeks. The keys to the cars were kept on a
key board in the defendant's back office.

Clair Stratton was defendant's manager. He had
a son Mike who was 15 in May of 1967. Mike worked
for the defendant in the summer of 1967. In the course
of his work he drove gas and tow trucks around the
airport, where an operator's license was not required.
He was specifically ordered not to drive any vehicle
outside the airport confines. Mike was given a key to
defendant's office where the car keys were kept. This
primarily was for the purpose of enabling him to get

into the office at night. Occasionally a customer would call at night for gas and Mike's mother would drive him to the airport to refuel the plane.

Mike was anxious to get his learner's driving permit, which he promptly did upon reach'ng 15. Such a permit requires the holder to drive only when accompanied by an adult licensed driver. On the night of September 15th, Mike and his friend Ed, also 15, unbeknownst to Mike's father, opened the office and took the key to the Chevrolet courtesy car and drove away. They kept the car for about two weeks. On September 29th when driving out of town they ran out of gas. The boys managed to get back to the office by evening and took the key to the Plymouth courtesy car. They used the Plymouth to get gas which they put in the Chevrolet. While Ed was returning the Plymouth to the airport he negligently collided with the plaintiff.

Mike admitted upon the witness stand that he had taken a car without his father's knowledge upon one previous occasion. The evidence, however, was that to his father's knowledge Mike was an obedient son. Mr. Stratton knew Ed by name, not by sight, and knew nothing of Ed's driving habits.

The evidence was that it was not unusual for one of the courtesy cars to be gone for at least two weeks.

Upon these facts we hold that the trial court correctly granted defendant's motion for a nonsuit.

Plaintiff relies upon our decision in *Mczyk v. National Repossessions*, 241 Or 333, 405 P2d 840 (1965). That decision was based upon the allegations of plaintiff's complaint. Plaintiff alleged the defendant

negligently parked a car unattended upon its used car lot leaving the keys in the ignition; that a thief took the car and negligently drove away, hitting plaintiff. We held that in order to create liability the plaintiff must prove that the defendant should have foreseen that someone might steal the car because the keys were left in the ignition and should have foreseen that the thief would drive negligently. We decided that under the complaint the plaintiff might be able to prove those two elements; therefore, the complaint stated a cause of action.

In the instant case the plaintiff has had an opportunity to put in her evidence. We find, as did the trial court, that her evidence does not create a question of fact upon the issue of whether the defendant should have foreseen that 15-year-old boys without operator's licenses would take the cars without permission. That Mike had a key to the place where the keys were kept is not sufficient to make the question of foreseeability one of fact in view of the uncontradicted evidence that the defendant had no information which would lead a reasonable person to believe that there was a likelihood that Mike would take the car and drive it off the airport premises.

*Kor v. Sugg*, 250 Or 543, 443 P2d 641 (1968), is illustrative on this general issue. The defendant parents and homeowners had a can of gasoline in their garage. The mother instructed her 11-year-old son to rake and burn leaves. Unbeknownst to the mother, the boy used the gasoline to burn the leaves and later was burning toys with the gasoline. In the course of this activity the plaintiff neighbor boy was burned. We affirmed the granting of a nonsuit, stating: "Those who use gasoline for such purposes need not assume

that children are likely to search it out and employ it for dangerous purposes, unless the circumstances are such as to give the owner a special warning." 240 Or at 549.

Affirmed.