Argued and submitted December 3, 1990, reversed and remanded February 6, 1991

Loren SWANSON,
Personal Representative of Estate of
Terri L. Swanson, deceased,
for the Estate and
for Loren Swanson,
father of Terri L. Swanson, deceased, and
for Jeanne Swanson,
mother of Terri L. Swanson, deceased,
*Appellant,*

*v.*

Glenn Douglas KNIGHT,
Glenn Douglas Knight,
dba Glenn Douglas Knight Construction Company
and dba John Doe Companies 1-3,
C. G. Makarov and C. G. Makarov,
dba 21st Century Concepts and
dba John Doe Companies 4-6,
*Respondents,*

*and*

Danny Lee BOLDEN,
*Defendant.*

(16-89-00261; CA A63378)

805 P2d 156

Leslie M. Swanson, Jr., Eugene, argued the cause for appellant. With him on the briefs was Swanson & Walters, Eugene.

Larry O. Gildea, P.C., Eugene, argued the cause for respondents Glenn Douglas Knight, Glenn Douglas Knight dba Glenn Douglas Knight Construction Company and dba John Doe Companies 1-3. With him on the brief was James B. Ehrlich, Eugene.

William Flinn, Eugene, argued the cause for respondents C. G. Makarov and C. G. Makarov dba 21st Century Concepts and dba John Doe Companies 4-6. With him on the brief was Flinn & Brewer, Eugene.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

**WARREN, P. J.**

In this wrongful death action, plaintiff appeals the summary judgment for defendants Knight and Makarov on both of his claims. Plaintiff pleaded that defendants were vicariously liable for their employee's negligence and that they were directly liable for negligent entrustment. We reverse.

The decedent died as a result of a car accident with Bolden, who lived at a lot that Knight and Makarov used for constructing storage units. When the accident occurred, Bolden was drunk and was driving one of the vehicles that had been left on the lot. Bolden's negligence is not disputed.

■ We address the propriety of the summary judgment in favor of Knight, first. On the claim for vicarious liability, Knight argues that Bolden was not his agent and, even if he was, he was not acting within the scope of his employment when the accident occurred. Viewed in the light most favorable to plaintiff, *Forest Grove Brick v. Strickland,* 277 Or 81, 559 P2d 502 (1977), there was evidence that Bolden lived on the business property as a security guard and performed light work in exchange for housing and spending money.[1] There is also evidence that Knight had asked Bolden to repair the vehicles on the lot and that the accident occurred when Bolden was testing the brakes that he had repaired.[2] Genuine issues of material fact exist. ORCP 47C.

■ On the second claim, Knight argues that he cannot be liable for negligent entrustment, because he had no reason to believe that Bolden would drive the vehicle off the premises. *See Roberts v. Pendleton Airmotive,* 258 Or 554, 484 P2d 308 (1971). Viewed in the light most favorable to plaintiff, the record shows: Bolden has a long history of alcohol abuse; he did not have a driver's license; Knight knew that he did not have a driver's license; several vehicles had been left on the lot with the keys accessible to Bolden; occasionally Knight had had Bolden run errands for him in the vehicles; and Knight

---

[1] We have disregarded the statements to which the trial court sustained objections.

[2] One may infer from Bolden's deposition testimony that he drove the vehicle to test the brakes. We do not consider the transcript of a taped interview between plaintiff's investigator and Bolden, which Knight argues should be stricken.

had asked Bolden to fix the vehicles. A genuine issue of material facts exists whether Knight should have foreseen that Bolden would drive one of the vehicles off the premises. *See Kimbler v. Stillwell,* 303 Or 23, 27, 734 P2d 1344 (1987).

Defendant Makarov concedes that a jury question exists about whether she and Knight were joint venturers. She argues, however, that Bolden was not an employee of the joint venture. The scope of the joint venture and whether Bolden was its employee also present genuine issues of material fact.

Reversed and remanded.