Argued September 9, affirmed November 12, 1976

REYNOLDS, *Appellant,*

*v.*

NICHOLS et ux, *Respondents.*

556 P2d 102

*Gerald R. Pullen,* Portland, argued the cause for appellant. With him on the brief was Dennis H. Henninger of Lachman & Henninger, P.C., Portland.

*Larry A. Brisbee* of Schwenn, Bradley, Batchelor & Bailey, Hillsboro, argued the cause and filed a brief for respondents.

Before Denecke, Chief Justice, and McAllister, O'Connell, Tongue, Howell, Bryson and Lent, Justices.

O'CONNELL, J.

## O'CONNELL, J.

This is an action to recover damages for personal injuries suffered by plaintiff when he was stabbed by a social guest of defendants. Plaintiff appeals from a judgment on the pleadings in favor of defendants.

Plaintiff's complaint alleges that defendants are owners of a residence which is adjacent to the residence of Rodney and Violet Jones; that on August 12, 1974, plaintiff was on the Jones' premises at their invitation and that Verbal Simmons was on defendants' premises at their invitation. The complaint then goes on to allege as follows:

"V

"That the defendants at said time and place served Verbal Simmons with intoxicating beverages; that Simmons became intoxicated while on defendants' premises; that thereafter Simmons assaulted plaintiff and stabbed plaintiff with a knife causing plaintiff injuries as set forth below.

"VI

"That the direct and proximate cause of the damages to the plaintiff was the negligence of the defendants in one or more of the following particulars:

"1. In failing to use reasonable care in inviting and permitting Verbal Simmons to stay on defendants' premises when defendants knew or should have known of the violent propensities of Simmons.

"2. In failing to use reasonable control in permitting and allowing Verbal Simmons to drink alcoholic beverages on defendants' premises under the conditions then and there existing.

"3. In failing to discourage or otherwise restrain Simmons from assaulting plaintiff when defendants knew or should have known of Simmons' intent to assault plaintiff.

"4. In failing to warn plaintiff of Verbal Simmons' intent to assault plaintiff with a knife when such intention became known to defendants prior to the assault on plaintiff."

The second count of the complaint charged that by

[ 599 ]

permitting Simmons to be on their property under the conditions recited defendants created and maintained a dangerous condition on their premises. Upon defendants' motion, the court struck subparagraphs 1, 2, 3 and 4 of Paragraph VI, and upon failure of plaintiff to plead further, entered a judgment on the pleadings in favor of defendants.

On appeal, plaintiff relies upon our statement in *Wiener v. Gamma Phi Chapter of Alpha Tau Omega Fraternity,* 258 Or 632, 485 P2d 18 (1971), where we said that although ordinarily a host who makes available intoxicating liquor to a guest is not liable for injuries to third persons resulting from the guest's intoxication,

> "* * * There might be circumstances in which the host would have a duty to deny his guest further access to alcohol. This would be the case where the host 'has reason to know that he is dealing with persons whose characteristics make it especially likely that they will do unreasonable things.' Such persons could include those already severely intoxicated, or those whose behavior the host knows to be unusually affected by alcohol. Also included might be young people, if their ages were such that they could be expected, by virtue of their youth alone or in connection with other circumstances, to behave in a dangerous fashion under the influence of alcohol." 258 Or at 639.

Plaintiff contends that the facts alleged in his complaint are of the kind intended to be embraced in our statement of the exception to the general rule. This contention is without merit.

██ The allegations that defendants failed to give warning of Simmons' intent to assault plaintiff and to restrain Simmons do not state a cause of action. As we said in *Cramer v. Mengerhausen,* 275 Or 223, 227, 550 P2d 740 (1976), "[t]here is no duty to aid one in peril in the absence of some special relation between the parties which affords a justification for the creation of the duty." In the present case the complaint does not allege any special relationship between defendants

and plaintiff which would give rise to a duty to plaintiff.

■ If the complaint had alleged that defendants served intoxicating liquors to Simmons with reason to know that the combination of liquor and Simmons' violent propensities would prompt him to assault plaintiff, it is arguable that a cause of action might have been stated. But the complaint does not make such an allegation; the complaint leaves it unclear whether the cause of plaintiff's injuries was Simmons' violent propensities or his intoxication, or the combination of the two. Nor does the complaint indicate whether at the time defendants served intoxicants to Simmons they knew anything about Simmons violent propensities or intention to assault plaintiff. There is, therefore, nothing alleged upon which to predicate a duty owed by defendants to plaintiff.[1]

The second count which charges defendants with maintaining "a dangerous condition on their premises" is demurrable for the same reasons which render the first count vulnerable to attack.

Judgment affirmed.

---

[1]Because plaintiff declined to plead further after the court granted defendants' motion for a judgment on the pleadings, it must be assumed that plaintiff stated his strongest case. *Smith v. Cooper,* 256 Or 485, 512, 475 P2d 78 (1970); *Medford v. Pac. Nat'l. Fire Ins. Co.,* 189 Or 617, 628, 219 P2d 142, 222 P2d 407, 16 ALR2d 1181 (1950).