Argued and submitted September 23, 1985, reversed and remanded April 16, reconsideration denied June 6, petition for review allowed June 24, 1986 (301 Or 240)

KIMBLER,
*Appellant,*

*v.*

STILLWELL, aka Bray,
*Defendant,*
G. I. JOE'S,
*Respondent.*

(A8208-05113; CA A34559)

717 P2d 1223

Richard E. Fowlks, Portland, argued the cause for appellant. With him on the briefs was Deanna Cereghino Fowlks, Portland.

Jeffrey A. Johnson, Portland, argued the cause for respondent. With him on the brief was Cosgrave, Kester, Crowe, Gidley & Lagesen, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

On February 21, 1982, Stillwell[1] broke into defendant G.I. Joe's retail store on Stark Street in Portland and stole a shotgun and shells which defendant offered for sale to the public. On the same night, Stillwell murdered Michael Kimbler, plaintiff's son,[2] with the shotgun. Plaintiff brought this action and the trial court dismissed plaintiff's second amended complaint for failure to state a claim. ORCP 21A. We reverse and remand.

As relevant, plaintiff's complaint alleged:

"IX

"At its said retail store, defendant G.I. Joe's offered for sale to the general public, shotguns and ammunition; the shotguns were displayed within the retail store in close proximity to ammunition fitting said shotguns; the display of shotguns and ammunition in the store was open and unenclosed by glass or other protective casing; the shotguns were not secured within the retail store by chains, trigger guards, or other protective mechanisms; the aforesaid conditions of the display of firearms and ammunition were readily observable to the customers of the G.I. Joe's retail store who passed by the display.

"X

"During the night-time hours when the store was closed, defendant G.I. Joe's secured its store with glass doors, and failed to take reasonable security measures commensurate with the danger involved in displaying firearms and ammunition in the aforesaid manner.

"XI

"Defendant, G.I. Joe's knew or should have known: that shotguns are dangerous instrumentalities; that its observable lack of security measures made its shotguns and ammunition an easy target for theft and/or burglaries; that, as a matter of common knowledge, firearms stolen in robberies or burglaries are often used to commit further crimes of violence against third parties; and that its conduct in displaying its shotguns and ammunition in the manner above described created an unreasonably high degree of risk of harm to third persons as

---

[1] Stillwell is not a party to this appeal.

[2] Plaintiff is the personal representative of the estate of her son.

the result of a burglary or theft of the shotguns and ammunition from its retail store.

## "XII

"On or about the 21st day of February, 1982, defendant Stillwell, who had earlier observed the aforesaid display of shotguns and ammunition at G.I. Joe's retail store at 18400 S.E. Stark Street, Portland, Oregon, entered said store, and took from it a shotgun and shells. Defendant Stillwell used said shotgun and shells by firing said shotgun at plaintiff's decedent resulting in his death on February 21, 1982, in Multnomah County, Oregon.

## "XIII

"The direct and proximate cause of said incident and the resulting death was the negligence of defendant G.I. Joe's in one or more of the following particulars:

"1.   In failing to properly guard and patrol said retail outlet.

"2.   In failing to outfit the retail store with security doors providing protection commensurate with the danger involved in displaying shotguns and ammunition.

"3.   In failing to take reasonable security measures commensurate with the danger involved in displaying shotguns and ammunition in securing said retail outlet's external doors with proper locks and alarms.

"4.   In failing to secure their display of shotguns and ammunition in an unbreakable glass case or other protective barrier commensurate with the danger involved in displaying shotguns and ammunition.

"5.   In failing to secure their shotguns with chains, trigger guards or other protective devices commensurate with the danger involved in displaying shotguns and ammunition.

"6.   In failing to keep shells and ammunition fitting the shotguns locked up in a separate location from the shotguns."

The issue is whether those allegations state a claim for wrongful death because of defendant's negligence. ORCP 18A.

The thrust of defendant's argument that plaintiff's claim should be dismissed is that plaintiff does not state a legal duty which Oregon law has ever recognized. Defendant contends that what plaintiff seeks to establish is strict liability for vendors of firearms.

Although facts of the kind here have not previously been before this court, this case does not involve whether, as a matter of policy, this court should recognize a new tort. *See Norwest v. Presbyterian Intercommunity Hosp.,* 293 Or 543, 652 P2d 318 (1982) (refusal to recognize the tort of ,loss of "parental consortium"). The facts here are unusual, but they are ones to which traditional tort concepts and analysis apply. To state a cause of action in negligence, a plaintiff must allege that the defendant owed a duty of care, that the defendant breached that duty and that the breach was the cause in fact of some legally cognizable damage to the plaintiffs. *Brennen v. City of Eugene,* 285 Or 401, 591 P2d 719 (1979).

■    Defendant argues that plaintiff attempts to impose a duty upon it to prevent the criminal acts of a third party. That is not the duty plaintiff has alleged that defendant owes. Defendant's duty here is that of a merchant to display merchandise in a safe manner. It is the same duty defendant has not to stack guns and boxes of ammunition in such a way so that the display is unstable and falls or not to display guns and ammunition in the children's toy section. Plaintiff has alleged that defendant is a merchant offering guns and ammunition for sale, that the guns were displayed without adequate security devices and in close proximity to the ammunition, that the external doors were not properly secured and that defendant knew or should have known that the display was a target for theft and that the display was observed by Stillwell, who stole the merchandise and killed decedent. Plaintiff has alleged sufficient facts to enable him to prove that defendant negligently created a condition which resulted in injury.

■    Defendant urges, however, that it should not be held liable, because the criminal conduct of Stillwell was not foreseeable. Although it is true that "[u]nder normal circumstances a person may reasonably assume that no one will violate the criminal law," *Fred Meyer, Inc. v. Temco Met. Prod.,* 267 Or 230, 236, 516 P2d 80 (1973), Oregon has not trated the criminal activity of a third party as a defense to liability for negligence *at the pleading stage.*[3] In *Mesyk v.*

___

[3] Both this court and the Supreme Court have held that a defendant may be liable for injuries caused by the intervening criminal acts of a third party. *See Cain v. Rijken,* 300 Or 706, 717 P2d 140 (1986); *Brown v. J.C. Penney Co.,* 297 Or 695, 688 P2d 811 (1984); *Christensen v. Epley,* 287 Or 539, 601 P2d 1216 (1979).

*National Repossessions,* 241 Or 333, 405 P2d 840 (1965), the trial court had granted the defendant's demurrer to the following allegations:

> " 'On or about March 5, 1963, the defendant acting through its agents and employees negligently parked a certain motor vehicle unattended on its used car lot without locking the vehicle or removing the ignition key therefrom. While said car was so parked, a person named Larry W. Stebbins, without authority, consent or right to do so drove off in said vehicle and while driving from said car lot on N.E. Weidler near its intersection with N.E. 11th at a high and unreasonable rate of speed, collided with a certain vehicle being driven in a northerly direction on said N.E. 11th Avenue in which the plaintiff was a passenger, resulting in personal injuries to the plaintiff as hereinafter more particularly set forth.' "

The Supreme Court held that the complaint was sufficient to state a cause of action. The complaint stated that the defendant's act was done negligently and, although perhaps subject to a motion to make more definite and certain, it was sufficient to withstand a dismissal.[4]

Cases involving the intervening criminal act of a third party have been taken from the jury, but not before the plaintiff has presented evidence as to the foreseeability of the intervening act. In *Fred Meyer, Inc. v. Temco Met. Prod., supra,* the plaintiff had alleged that the defendant was negligent in failing safely to keep checks and check protection equipment with the result that checks were stolen and forged, causing the plaintiff's loss. The court upheld a judgment of involuntary nonsuit, because the plaintiff had failed to present evidence that the defendant could have reasonably foreseen the criminal conduct of the third party. In *Uihlein v. Albertson's, Inc.,* 282 Or 631, 580 P2d 1014 (1978), the plaintiff sued for injuries caused when she was robbed in the defendant's store. The court found that there was no genuine issue

---

[4] *See also Ollison v. Weinberg Racing Assoc.,* 69 Or App 653, 688 P2d 847 (1984) (the plaintiffs' allegations that they were injured when a patron of a race course fired a gun, causing a stampede of other patrons, stated claims which should not have been dismissed under ORCP 21A); *Torres v. United States Nat. Bank,* 65 Or App 207, 670 P2d 230, *rev den* 296 Or 237 (1983) (the plaintiff's complaint sufficiently alleged that the defendant's conduct was a substantial factor in causing his personal injury suffered when he was shot by a robber while making a deposit in the defendant's night depository).

as to any material fact on the basis of the pleadings, affidavits and depositions submitted. The court noted that there is

> "* * * no essential difference between this negligence case involving summary judgment for a defendant and that in which a defendant is granted a judgment of involuntary nonsuit when plaintiff has rested upon trial." 282 Or at 637.

■    The conclusion from these cases is that an intervening criminal act is not an absolute defense to a claim for negligence. A defendant will not be relieved of liability by an intervening act which is a common response to a situation created by the defendant's conduct, *Dewey v. A.F. Klaveness & Co.*, 233 Or 515, 532, 379 P2d 560 (1963), and whether or not the defendant could have foreseen that his conduct created the risk is a question of fact for the jury. 233 Or at 528.

■    This case was dismissed on the pleadings. We cannot tell whether plaintiff could prove that, by the way defendant displayed the guns and secured the store, it created a condition from which a reasonable person could have foreseen that a burglary could occur and a killing result. Plaintiff might, for example, show that defendant's store was in a high crime area, that it had been previously burglarized, that the unlocked guns were easily seen from the street, that the store had no operating security devices or that the precautions taken by defendant in displaying the merchandise were below the standard in the community.[5] We cannot say, as a matter of law, that the theft of the guns and the resulting injury were so highly unusual that the harm could not be foreseen. *See Ollison Weinberg Racing Assoc., supra* n 3, 69 Or App at 658-59.

■    We reject defendant's position that

> "[p]laintiff's foreseeability of the risk of harm argument is based on the nature and character of the instrumentality: guns are dangerous, people who steal guns hurt people, and no matter what the security measures taken by the vendor, there is always a jury question for plaintiff because of the character

---

[5] We do not suggest, as the concurrence states (slip opinion at 2), that such facts establish defendant's duty. The facts go to whether or not defendant could have foreseen that someone might steal a gun and ammunition because of the way in which they were displayed and whether, if a theft were to occur, defendant could have foreseen that criminal action might result. *See Mesyk v. National Repossessions, supra,* 241 Or at 338.

of the instrumentality. Plaintiff is actually urging this court to adopt a rule of strict liability for vendors whose firearms are stolen from their closed, locked stores and later used to commit crimes."[6]

A gun is a dangerous instrumentality. Presumably, because it is, it calls for a greater degree of care in its display than the display of clothing or boxes of cereal; but the existence of the gun and defendant's relation to it do *not* determine the liability of defendant. Liability would arise, not from the fact that guns are displayed, but rather from proof that it was unreasonable for defendant to display guns and ammunition in the manner in which it did. *But see Itami v. Burch,* 59 Or App 400, 403, 650 P2d 1092 (1982).

Without the evidence, it is not possible now to say whether plaintiff's case might be subject to a motion for directed verdict for failure to prove that defendant could not be liable because it could not reasonably have foreseen the consequences of the manner of its display of guns and ammunition. Plaintiff's pleadings allege facts sufficient to state a claim that defendant did not meet the standard of care commensurate with a merchant's duty to display merchandise in a safe manner. Plaintiff is entitled to offer evidence in support of those allegations. *Mesyk v. National Repossessions, supra,* 241 Or at 339.

Reversed and remanded.

**BUTTLER, P. J.,** specially concurring.

Although I agree with the result reached by the majority, I believe that it perpetuates the confusion that exists in the cases by failing to distinguish between the existence of legal duty to plaintiff and whether defendant breached that duty.[1] Accordingly, I write separately.

Much of what I have said in my dissent in *Fazzolari v. School District No. 1J,* 78 Or App 608, 717 P2d 1210 (1986) (decided this date), is applicable here. However, in this case I

---

[6] The assertion that the store was locked is defendant's, not plaintiff's.

[1] As Justice O'Connell said in his concurring opinion in *Dewey v. A. F. Klaveness & Co.,* 233 Or 515, 524, 379 P2d 560 (1963): "It is not always made clear * * * whether the court is addressing itself to the problem of duty or to the question of sufficiency of evidence to prove a breach of duty."

would hold, as a matter of public policy, that one who sells guns and ammunition has a legal duty to the public to secure the premises properly when the store is closed for business. Most of the majority opinion is devoted to a discussion of whether plaintiff, at trial, may be able to prove that defendant was negligent, that is, breached its assumed duty to plaintiff. That is not the question, although I must concede that some of the cases seem to indicate that it is part of the inquiry. *See Mezyk v. National Repossessions,* 241 Or 333, 405 P2d 840 (1965).

In *Mezyk,* the court held that, if an owner of a car is negligent by creating a risk of harm by leaving his keys in his unlocked car, he owes a duty to third persons injured by a negligent thief. Because the trial court had sustained a demurrer to the complaint, the Supreme Court reversed, stating that the question of duty must be determined by the allegations of the complaint *and* any facts that might be adduced as proof of negligence.

It seems to me that the *Mezyk* analysis puts the cart before the horse or, perhaps, has the horse riding in the cart. Although the court recognized that "duty" is an expression of policy considerations that "lead the law to say that the particular plaintiff is entitled to protection," 241 Or at 336, it did not resolve that question by reference to the complaint alone, which alleged that the defendant was negligent in leaving the keys in his unlocked parked car. If duty is a judicial policy decision, it would seem that a plaintiff must allege sufficient facts to permit the court to decide whether, accepting the allegations as true, the defendant owed the plaintiff a duty. Of course, the complaint must also allege the other elements of a claim for relief; however, those elements are not issues that concern us here. If the defendant challenges the complaint by a motion to dismiss, as here, we should determine from the face of the complaint whether the defendant had a legal duty to use reasonable care to avoid injuring the plaintiff. That is the initial question, and it is for the court to decide.

The complaint contains allegations, albeit somewhat conclusory and not necessarily in the proper sequence, that permit the resolution of defendant's legal duty. 78 Or App at 638. The material ones are: defendant operated a retail store

in which it sold shotguns and ammunition, which were displayed openly; shotguns are dangerous instrumentalities, and, when the store was closed, defendant failed to take reasonable security measures commensurate with the danger involved, in that it failed to secure the external doors with "proper locks and alarms."[2] The question is whether, assuming those facts to be true, defendant owed a legal duty to plaintiff to prevent her injury, as alleged, and is not, as the majority says, whether plaintiff may adduce other facts at trial that might establish defendant's duty.

On its merits, this case is similar to *Mezyk v. National Repossessions, supra,* in which the court analogized a car owner's duty to third persons injured by the negligence of the driver of his car—negligent entrustment—to the owner's similar duty when he creates an unreasonable risk of harm by negligently leaving his keys in the car resulting in injury to third persons by a negligent thief. The legal duty was imposed there, because the defendant, by leaving his keys in his car, created a likelihood of harm to third persons. Here, defendant is alleged to have created an unreasonable likelihood of harm to third persons by failing to secure properly its store containing shotguns and ammunition, it being reasonably foreseeable that someone would enter the improperly secured and unattended store, steal a gun and ammunition and injure someone.

I will not repeat the other factors discussed in my dissent in *Fazzolari;* in my opinion, they all weigh in favor of concluding that defendant owed a legal duty to third persons, including plaintiff. The complaint as a whole alleges enough to get by a motion to dismiss. After the facts are in, it may be that they will not support the allegations necessary to impose a legal duty on defendant.

---

[2]If plaintiff had not alleged that defendant failed properly to secure the exterior doors, I would hold that plaintiff has not alleged sufficient facts to impose a legal duty on defendant.