Argued and submitted September 4, 1986, Court of Appeals affirmed, circuit court reversed and case remanded for further proceedings March 17, 1987

### KIMBLER,
*Respondent on Review,*

*v.*

### STILLWELL,
aka Bray,
*Defendant,*

*and*

### G. I. JOE'S,
*Petitioner on Review.*

(TC A8208-05113; CA A34559; SC S32882)

734 P2d 1344

Jeffrey A. Johnson, Portland, argued the cause for petitioner on review. With him on the petition were Frank H. Lagesen, of Cosgrave, Kester, Crowe, Gidley & Lagesen, Portland.

Richard E. Fowlks, Portland, argued the cause for respondent on review.

LINDE, J.

## LINDE, J.

Plaintiff, as the personal representative of the estate of Michael Kimbler, brought a wrongful death action against John Stillwell and G.I. Joe's, a retail merchant, alleging that Stillwell had intentionally shot Michael Kimbler with a shotgun and shells which G.I. Joe's had made it too easy for Stillwell to take from its store. The circuit court dismissed the complaint against G.I. Joe's under ORCP 21A.(8) as not stating ultimate facts sufficient to constitute a claim. On plaintiff's appeal, the Court of Appeals reversed the judgment of dismissal and remanded the case to the circuit court. *Kimbler v. Stillwell,* 78 Or App 636, 717 P2d 1223 (1986). We affirm the Court of Appeals.

The allegations of the second amended complaint on which plaintiff predicates G.I. Joe's liability may be summarized as follows. G.I. Joe's, hereinafter called defendant, operated a retail store on S.E. Stark Street in Portland, where it offered shotguns and ammunition for sale to the general public. The shotguns were displayed in proximity to the corresponding ammunition. The display was not behind glass or otherwise encased nor were the shotguns secured by chains, trigger guards, or other protective mechanisms, which could readily be observed by customers passing the display. At night, the store was secured with glass doors, without other security measures commensurate with the danger represented by the displayed firearms. Defendant knew or should have known that the lack of security measures made the shotguns and ammunition easy targets for theft, that stolen firearms often are used to commit crimes against third parties, and therefore that this manner of displaying its shotguns and ammunition created an unreasonably high risk of harm to third persons. On February 21, 1982, Stillwell, having earlier observed the display, entered defendant's store, took a shotgun and shells, and used them to shoot at Michael Kimbler, causing his death. After alleging these facts, the complaint asserted somewhat redundantly that defendant was negligent in failing to guard and patrol the store, failing to fit the store with adequately secure doors, locks, and alarms, failing to secure the display of shotguns and ammunition behind an unbreakable barrier or with the use of chains, trigger guards, or other protective devices, and failing to lock up the ammunition in a different location from the shotguns.

Defendant's motion to dismiss asserted that the pleaded facts did not state a claim "in that the harm caused plaintiff's decedent was not reasonably foreseeable and that defendant G.I. Joe's owed no duty to plaintiff's decedent for the intentional conduct of defendant John Vernon Stillwell." It is not entirely clear whether defendant considered this a single or two distinct grounds. The circuit court's judgment of dismissal did not specify on what theory the motion was granted.

■ In *Fazzolari v. Portland School Dist. No. 1J,* 303 Or 1, 734 P2d 1326 (1987), also decided today, we have reviewed the roles of foreseeability and of duty, or "no duty," in negligence cases. Briefly stated, these concepts concern half of the decision on negligence liability for conduct injuring a protected interest, the other half being whether the conduct unreasonably created a risk of such an injury. Unless a plaintiff invokes a particular legal duty arising from a status or relationship or defined by a legal source apart from the common law of negligence itself, "no duty" is a defense argument that the plaintiff's injury falls outside the foreseeable risks of the alleged negligent conduct, phrased as a legal conclusion for the court rather than as a factual assessment of the foreseeable risks. *Fazzolari, supra,* 303 Or at 10, 17-18, 734 P2d 1326.

In *Fazzolari,* the plaintiff did invoke the special obligations of a school district toward minors attending one of its schools. The present plaintiff claims no particular duty owed by defendant to Michael Kimbler but relies on the common-law rules of liability for foreseeable harm caused by defendant's alleged failure to take reasonable care to avoid or minimize the risk of such harm. Similarly, G.I. Joe's defense of "no duty" to Michael Kimbler does not assert that some rule or status disqualified Michael Kimbler individually or as a member of a class (for example, as a trespasser in a case based on a condition on real property) from recovering damages based on defendant's negligence toward others. Rather, this defense is only another way of stating that the harm to Michael Kimbler caused by the firearm taken from defendant's store was not a foreseeable risk of the conduct alleged as negligence in plaintiff's complaint.

The Court of Appeals recognized that it is difficult to establish such a defense on a motion to dismiss a complaint.

Plaintiff's allegations on the issue of foreseeable harm appear in paragraph XI of the second amended complaint as follows:

"Defendant G.I. Joe's knew or should have known: that shotguns are dangerous instrumentalities; that its observable lack of security measures made its shotguns and ammunition an easy target for theft and/or burglaries; that, as a matter of common knowledge, firearms stolen in robberies or burglaries are often used to commit further crimes of violence against third parties; and that its conduct in displaying its shotguns and ammunition in the manner above described created an unreasonably high degree of risk of harm to third persons as the result of a burglary or theft of the shotguns and ammunition from its retail store."

The Court of Appeals wrote:

"This case was dismissed on the pleadings. We cannot tell whether plaintiff could prove that, by the way defendant displayed the guns and secured the store, it created a condition from which a reasonable person could have foreseen that a burglary could occur and a killing result. Plaintiff might, for example, show that defendant's store was in a high crime area, that it had been previously burglarized, that the unlocked guns were easily seen from the street, that the store had no operating security devices or that the precautions taken by defendant in displaying the merchandise were below the standard in the community. We cannot say, as a matter of law, that the theft of the guns and the resulting injury were so highly unusual that the harm could not be foreseen." (Footnote and citation omitted.)

*Kimbler v. Stillwell, supra,* 78 Or App at 642, 717 P2d 1223.

■ Defendant in turn recognizes that this case presents a relatively narrow issue of the specificity of "ultimate facts" that ORCP 18A. requires to be alleged in a complaint. The rule provides that

"[a] pleading which asserts a claim for relief, whether an original claim, counterclaim, cross-claim, or third party claim, shall contain:

"A. A plain and concise statement of the ultimate facts constituting a claim for relief without unnecessary repetition."

The fact that a plaintiff's injury was inflicted by the intentional, even criminal, act of a third person does not foreclose liability if such an act was a foreseeable risk facilitated by the

defendant's alleged negligence. *See Fazzolari v. Portland School Dist. No. 1J, supra,* (rape); *Brown v. J.C. Penney, Co.,* 297 Or 695, 688 P2d 811 (1984)(attack and robbery on shopping center parking lot); *Mezyk v. National Repossessions,* 241 Or 333, 405 P2d 840 (1965)(physical injury to plaintiff by driver of stolen car left with key in ignition); Restatement (Second) Torts § 302B (1965). Defendant quotes *Fred Meyer Inc. v. Temco Met. Prod.,* 267 Or 230, 516 P2d 80 (1973), for a proposition derived from the Restatement (Second) Torts § 302B, *comment d* that " [u]nder normal circumstances a person may reasonably assume that no one will violate the criminal law." *Fred Meyer, Inc., supra,* 267 Or at 236, 516 P2d 80. Except as a truism that violations of the criminal law are "abnormal" by definition, the proposition is an empirical statement, which unfortunately is not the rule for all times or places. It is subject to demonstration of what actual circumstances were or should have been contemplated by the defendant.

■   Defendant contends, however, that those circumstances should be alleged in more detail than was done in the quoted paragraph XI, citing *Reynolds v. Nichols,* 276 Or 597, 556 P2d 102 (1976). *Reynolds* held a complaint insufficient which merely alleged that defendants had served intoxicating beverages to a social guest, Simmons, who stabbed another guest, and that defendants failed to use reasonable care to restrain the guest "when defendants knew or should have known of Simmons' intent to assault plaintiff." *Id.* at 599. The court observed that even a minimal allegation such as that "defendants served intoxicating liquor to Simmons with reason to know that the combination of liquor and Simmons' violent propensities would prompt him to assault plaintiff" might have sufficed, but because plaintiff declined to plead further when the circuit court granted a defense motion for judgment on the pleadings, "it must be assumed that plaintiff stated his strongest case." *Id.* at 597, 597 n 1. *Mezyk v. National Repossessions, supra,* on the other hand, reversed a judgment on a demurrer against a complaint alleging only that defendant "negligently" left the car keys in an unattended automobile with which an unauthorized driver thereafter injured the plaintiff, the court stating that if a party alleges that certain acts were done negligently, proof may be adduced to show the negligence. 241 Or at 337, 405 P2d 840. There have

been inconsistent statements in opinions antedating ORCP 18A. which need not be reviewed or reconciled here. *See Adams v. Oregon State Police,* 289 Or 233, 239-41, 611 P2d 1153 (1980). In any event, the allegations of the quoted paragraph XI with respect to foreseeable risks that firearms known to be lightly secured in a retail store might be stolen and used against third persons are substantially more concrete than the allegations made either in *Mezyk* or *Reynolds.* Of course plaintiff may not be able to back them up, but the complaint has not even been answered, let alone reached the stage of summary judgment or trial. We hold only that the circuit court erred in dismissing the complaint.

The decision of the Court of Appeals is affirmed.