Argued and submitted December 15, 1986, affirmed on appeal; reversed on cross-appeal and remanded with instructions April 22, reconsideration denied June 12, petition for review denied October 6, 1987 (304 Or 240)

TIPTON et al,
*Appellants - Cross-Respondents,*

*v.*

WILLAMETTE SUBSCRIPTION TELEVISION et al,
*Respondents,*

VIZZINI et al,
*Respondents - Cross-Appellants.*

(A8310-06568; CA A36803)

735 P2d 1250

George O. Tamblyn, Portland, argued the cause for

appellants - cross-respondents. On the briefs were Terrance C. Hunt and Tamblyn & Bush, Portland.

Thomas W. Brown, Portland, argued the cause for respondents - cross-appellants. With him on the brief was Cosgrave, Kester, Crowe, Gidley & Lagesen, Portland.

Willamette Subscription Television, an Oregon limited partnership, ABC Vision, Inc., a California corporation, and Christopher Desmond, respondents, waived appearance.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

WARDEN, P. J.

### WARDEN, P. J.

Plaintiffs are satellite dish owners who allegedly intercepted broadcasts of television programming by defendant Willamette Subscription Television (WST). WST charges a monthly fee to its subscribers. Attorney defendants[1] sent a form letter to each plaintiff demanding $300 to avoid being sued for damages of $100 per day of violation or a minimum of $1,000. Plaintiffs brought this action against all defendants for violation of the Oregon Unlawful Debt Collection Practices Act (UDCPA), ORS 646.639 to ORS 646.641, and against attorney defendants for negligent misrepresentation. Plaintiffs appeal a trial court order[2] that granted defendants' ORCP 21 motion to dismiss the UDCPA claim for failure to state a claim. Attorney defendants cross-appeal a trial court order[3] denying their ORCP 21 motion to dismiss plaintiffs' claim of negligent misrepresentation for failure to state a claim. We affirm on the appeal and reverse on the cross-appeal.

UDCPA provides, in ORS 646.641:

> "Any person injured as a result of wilful use or employment by another person of an unlawful collection practice may bring an action * * * to enjoin the practice or to recover actual damages or $200, whichever is greater."

ORS 646.639(2) lists unlawful debt collection practices. ORS 646.639(1)(e) defines "debt" as "any obligation or alleged obligation arising out of a *consumer transaction.*" (Emphasis supplied.) ORS 646.639(1)(b) defines "consumer transaction" to be "a transaction between a consumer and a person who sells, leases or provides property, services or credit to consumers." The trial court granted defendants' ORCP 21 motion to dismiss the claim under UDCPA, because there was no "consumer transaction" between plaintiffs and defendants.

In *Payless Drug Stores v. Brown,* 73 Or App 90, 698 P2d 45, *rev'd on other grounds* 300 Or 243, 708 P2d 1143

---

[1] "Attorney defendants" refers to Bauer, Winfree, Anderson, Fountain & Schaub, P.C., an Oregon professional corporation, and Anderson, Bauer, Fountain, Schaub, Vizzini and Winfree, shareholders of the professional corporation.

[2] This is an interlocutory appeal brought under ORS 19.015, which allows appeals of controlling questions of law in class actions in certain circumstances.

[3] *See* n 2, *supra.*

(1985), we decided a similar case involving a demand letter. Before bringing an action against the parents of a 15-year-old girl arrested by a security guard for shoplifting, a store sent the girl's parents a letter demanding that they pay the minimum statutory civil penalty plus the retail value of the items stolen. The parents counterclaimed for damages under the UDCPA on the basis of the demand letter. We affirmed the trial court's directed verdict on the counterclaim in favor of the store and against the parents, stating:

> "Whether or not [the girl] shoplifted, there was no evidence from which the jury could find that there was a 'consumer transaction' between her and [the store]. The evidence was undisputed that [she] *unilaterally* took the merchandise from the store." 73 Or App at 93. (Emphasis supplied.)

In the present case, the gravamen of defendants' contention is that plaintiffs did not enter into a consumer transaction with WST to receive the programming, but that plaintiffs had unilaterally pirated it instead. Plaintiffs do not allege that there were any reciprocal actions or statements between them and defendants concerning WST's programming that would constitute a "consumer transaction." The trial court did not err in granting defendants' motion to dismiss the UDCPA claim.

As a separate claim for relief, plaintiffs alleged that, in the demand letter, attorney defendants negligently misrepresented the remedies to which WST was entitled. Attorney defendants contend that the trial court erred in denying their ORCP 21 motion to dismiss that claim, because under Oregon law an adversary's lawyer who makes "negligent misrepresentations" owes no legal duty to the adversary.[4]

In three recent cases, the Oregon Supreme Court discussed the role of "duty" in negligence cases. *See Fazzolari v. Portland School Dist. No. 1J,* 303 Or 1, 734 P2d 1326 (1987); *Kimbler v. Stillwell,* 303 Or 23, 734 P2d 1344 (1987); *Donaca v. Curry County,* 303 Or 30, 734 P2d 1339 (1987). In *Donaca,* the court stated that

---

[4] Attorney defendants also argue that Oregon does not recognize the tort of negligent misrepresentation. Because of our holding, we need not decide in this case whether such a claim is actionable under Oregon law.

"broadly phrased arguments over 'duty' in common-law negligence tend to turn into a disputed rule of law what properly is a determination of the ordinary issues of negligence liability: whether defendant's conduct caused a foreseeable kind of harm to an interest protected against that kind of negligent invasion, and whether the conduct creating the risk of that kind of harm was unreasonable under the circumstances." 303 Or at 38; *see also Fazzolari v. Portland School Dist. No. 1J, supra,* 303 Or at 16.

It follows that, for plaintiffs to state a claim against attorney defendants for negligent misrepresentation, they must plead that they have an interest that is protected against attorney defendants' alleged conduct and that that interest was harmed. No such interest is stated by the facts alleged in their claim. The demand letter stated unequivocally that attorney defendants represented WST, and the letter was clearly adversarial in nature. It cannot be construed, as plaintiffs contend, to have advised them as to the law. Attorney defendants simply were not plaintiffs' advisors. We hold that attorney defendants' relationship to plaintiffs, their adversaries, did not unreasonably create a risk to plaintiffs' protected interest.

Affirmed on appeal; reversed on cross-appeal and remanded with instructions to dismiss the claim for negligent misrepresentation.