Argued and submitted September 9, the decision of the Court of Appeals reversed and judgment of the trial court affirmed December 30, 1988

## MOORE,
*Respondent on Review,*

*v.*

## WILLIS et al,
*Defendants,*

## BUTCHEK et al,
*Petitioners on Review,*

## O'BRIEN et al,
*Petitioners on Review.*

(TC No. A8403-01700; CA A37692;
SC S34457, S34458)

767 P2d 62

I. Franklin Hunsaker, Portland, argued the cause and filed the petition on behalf of the petitioners on review Kenneth Dale and Mary D. Butchek. With him on the petition were Stephen F. English, Thomas D. Adams, and Bullivant, Houser, Bailey, Pendergrass & Hoffman, Portland.

Thomas M. Christ, Portland, argued the cause and filed petition on review on behalf of the petitioners on review Robert and Marilyn O'Brien. With him on the petition was Mitchell, Lang & Smith, Portland.

Clayton Morrison, Portland, argued the cause on behalf of the respondents on review.

Before Peterson, Chief Justice, Linde, Campbell, Carson, and Jones, Justices, and Van Hoomissen, J., pro tempore.

CAMPBELL, J.

## CAMPBELL, J.

The plaintiff seeks damages from tavern owners who allegedly were negligent in serving alcohol to two men who killed the plaintiff's decedent. At issue is whether the plaintiff alleged ultimate facts that would allow a factfinder to determine that the violence was foreseeable. The trial court granted the defendants' motions for judgment on the pleadings. ORCP 21B.[1] The Court of Appeals reversed, holding that the complaint stated claims under a theory of common law negligence and under a theory of statutory liability.[2] *Moore v. Willis*, 86 Or App 493, 740 P2d 192 (1987). We reverse the decision of the Court of Appeals and affirm the judgment of the trial court.

The defendants Kenneth and Mary Butchek own the Hi-Time Tavern, and the defendants Robert and Marilyn O'Brien own the Picadilly Inn. Both taverns allegedly served alcoholic beverages to Patrick Willis and Dale Phillips[3] at a time when Willis and Phillips were visibly intoxicated and when Phillips was under the age of 21. According to the complaint, the Butcheks called a taxi for Willis and Phillips. Cab driver Richard Moore, the plaintiff's decedent, picked up Willis and Phillips at the tavern. After they left the premises, a fight broke out between Moore, Willis and Phillips. Someone drew a gun, and Moore was shot to death while struggling for the weapon.[4]

The plaintiff alleges a violation of ORS 30.950[5] for recovery under a statutory liability theory. Shortly after the

---

[1] ORCP 21B provides: "After the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings."

[2] "Statutory liability" is the preferred term for liability based solely on a statute, independent of the common law. *See Dunlap v. Dickson*, 307 Or 175 n 3, 765 P2d 203 (1988).

[3] The trial judge entered default judgments against Willis and Phillips. They are not parties to this appeal.

[4] The plaintiffs do not allege which party drew the gun, but the defendants claim in their answer that Moore drew the gun.

[5] At all times relevant to the statutory liability claim, *former* ORS 30.950 provided:

> "No licensee or permittee is liable for damages incurred or caused by intoxicated patrons off the licensee's or permittee's business premises unless the licensee or permittee has served or provided the patron alcoholic beverages when such patron was visibly intoxicated."

ORS 30.950 was amended in 1987. Or Laws 1987, ch 774, § 13.

Court of Appeals upheld the statutory liability claim in this case, this court held that, if ORS 30.950 creates statutory liability, the remedy is not available to plaintiffs in the same position as Moore. *Gattman v. Favro,* 306 Or 11, 24, 757 P2d 402 (1988).[6] *See also Dunlap v. Dickson,* 307 Or 175, 765 P2d 203 (1988). We reverse the Court of Appeals on the statutory liability claim and focus our analysis on whether the trial court erred in granting judgment on the pleadings on the claim for common law negligence.

Granting a motion for judgment on the pleadings is appropriate only "when the pleadings taken together affirmatively show that plaintiff has no cause of action * * *." *Salem Sand v. City of Salem,* 260 Or 630, 636, 492 P2d 271 (1971). ORCP 18A requires plaintiffs to plead "a plain and concise statement of the ultimate facts constituting a claim for relief * * *." To state a negligence claim, a complaint must include allegations of "facts from which a factfinder could determine (1) that defendant's conduct caused a foreseeable risk of harm * * *." *Solberg v. Johnson,* 306 Or 484, 490, 760 P2d 867 (1988). The defendants argue that the complaint does not adequately allege foreseeability.

The following allegations appear in the complaint:

"The defendants, and each of them, were negligent, and their negligence was the proximate cause of the death of Richard Charles Moore and damage to Troy Moore, as follows:

"1) Defendants, Kenneth Butchek, Mary Butchek, Robert O'Brien and Marilyn O'Brien sold intoxicating liquor to defendant Phillips who was under the age of twenty-one years without requesting indentification [sic] when a reasonable person under the same or similar circumstances would have requested identification.

"2) Defendants, Kenneth Dale Butchek, Mary D. Butchek, Robert O'Brien and Marilyn O'Brien sold intoxicating beverages to the defendants, Phillips and Willis, at a time

---

[6] In a supplemental memorandum, the O'Briens argue that ORS 30.950 bars common law negligence claims against tavern owners in the circumstances of this case. We recently held that ORS 30.950 "only provides the condition under which a commercial alcoholic beverage server becomes liable to one who *already has a claim.*" *Sager v. McClenden,* 296 Or 33, 39, 672 P2d 697 (1983) (emphasis added). Because we hold that the plaintiff has no common law negligence claim, we do not reach this argument.

when they were visibly intoxicated, contrary to the Oregon law.

"3)   During August 19-20, 1983, the defendants, Phillips and Willis, consumed intoxicating beverages and became intoxicated.

"4)   The defendants, Phillips and Willis, directed profane, abusive and threatening language at Richard Charles Moore and caused Richard Charles Moore to fear for his safety.

"5)   Defendants, Phillips and Willis, seized Richard Charles Moore physically and caused a gun to discharge, killing Richard Charles Moore."

■     Before the adoption of the Oregon Rules of Civil Procedure, this court had held that a plaintiff need only plead that the defendant acted negligently. Pleading "negligence" adequately stated the foreseeability element. *See, e.g., McEvoy v. Helikson,* 277 Or 781, 787, 562 P2d 540 (1977). *But see Reynolds v. Nichols,* 276 Or 597, 600-01, 556 P2d 102 (1976) (holding that a complaint alleging that the defendants were negligent did not adequately allege foreseeability). Recent decisions, however, consistently have required more than mere allegations of "negligence." *See Solberg v. Johnson, supra,* 306 Or at 490; *Fuhrer v. Gearhart By The Sea, Inc.,* 306 Or 434, 441-42, 760 P2d 874 (1988); *Kimbler v. Stillwell,* 303 Or 23, 28-29, 734 P2d 1344 (1987). *Fuhrer v. Gearhart By The Sea, Inc., supra,* upheld the dismissal of a complaint alleging that a resort owner negligently failed to warn guests of the dangers of the surf adjacent to the resort. The court explained:

"[T]here is no allegation in the complaint that Gearhart knew or should have known of the dangerous condition of the ocean surf. Without knowledge of a dangerous condition or reason to know of the condition, Gearhart could not have foreseen an unreasonable risk of harm. If plaintiff were able to prove all the facts alleged in the complaint, plaintiff would still not have proved one element necessary to recovery, the foreseeability to defendant of an unreasonable risk of harm to persons in plaintiff's position." 306 Or at 441.

*See also* 306 Or at 442-43 (Jones, J., specially concurring).

We hold that, under the fact pleading requirement of ORCP 18A, an allegation of "negligence," without more, does

not adequately plead the foreseeability element of the tort.[7] Therefore, we turn to an examination of what allegations a complaint must include to establish the foreseeability element of negligence.

■ Including the words "knew or should have known" in a complaint does not automatically satisfy the requirement of alleging foreseeability. An allegation that someone knew something is different from an allegation that the person should have known something. That a defendant knew of a dangerous condition is an ultimate fact—the fact that the defendant was aware of a particular risk. Yet an allegation that a defendant should have known of a dangerous condition is not an allegation of a fact. Whether a defendant should have known something is a judgment about a particular set of circumstances rather than a fact from which conclusions are drawn. An allegation that a defendant knew something may be an allegation of fact, but an allegation that he should have known something is merely a conclusion drawn from other facts. When a plaintiff claims that a risk was foreseeable, though not necessarily foreseen, the plaintiff must allege facts that would allow the factfinder to conclude that the defendant should have known of the risk. ORCP 18A; *Solberg v. Johnson, supra,* 306 Or at 490.

*Reynolds v. Nichols, supra,* illustrates inadequate allegations of facts from which a factfinder could conclude that the defendant should have known of a danger. A social guest of the defendants in that case stabbed the plaintiff, who was visiting the defendants' next door neighbor. The plaintiff alleged that the defendants served alcohol to their guest, who became intoxicated and assaulted the plaintiff. The plaintiff also alleged that the defendants should have known of their guest's violent propensities and his intent to do violence. Despite those allegations, the court found that the complaint did not state a claim. The court upheld a judgment on the

---

[7] Accord *Davis v. Tyee Industries, Inc.,* 295 Or 467, 479, 668 P2d 1186 (1983), where the court stated:

"Consistent with ORCP 18 A., we hold that whatever the theory of recovery, facts must be alleged which, if proved, will establish the right to recover. It is no longer permissible to veil the facts or theory behind a nonfactual pleading for money had and received and thereafter prove any state of facts which, historically, could support recovery on a theory of money had and received."

pleadings for the defendants. *Reynolds v. Nichols, supra,* 276 Or at 601.

Part of the rationale for the *Reynolds* decision was that the complaint did not allege that the defendants had reason to know that serving alcohol to the guest would trigger violence. 276 Or at 601. *Reynolds* offers the following *dicta:*

> "If the complaint had alleged that defendants served intoxicating liquors to Simmons [the defendants' guest] with reason to know that the combination of liquor and Simmons' violent propensities would prompt him to assault plaintiff, it is arguable that a cause of action might have been stated." 276 Or at 601.

In other words, the complaint did not state a claim for relief because it did not allege facts that would allow a determination that the defendants should have known that serving alcohol to their guest created a risk of violent behavior.

■ The complaint in this case alleges that the defendants served alcohol to persons who were visibly intoxicated, one of whom was under the legal drinking age. The plaintiff does not allege any other facts suggesting that Willis and Phillips would become violent. The narrow issue, then, is whether the fact that the patrons were visibly intoxicated or underage is sufficient for a factfinder to conclude that Moore's violent demise was foreseeable.

*Reynolds* held that it was not enough to allege that the defendants served their guest until he became intoxicated. Like the complaint in this case, the complaint in *Reynolds* did not allege facts that would support a determination that the defendants had reason to know that violence could result. *Reynolds v. Nichols, supra,* 276 Or at 600-01. The fact that someone is visibly intoxicated or underage, standing alone, does not make it foreseeable that serving alcohol to the person creates an unreasonable risk that the person will become violent.

It may be common for intoxicated and underage drinkers to become violent. If violence is common among intoxicated and underage drinkers, those who are in the business of serving alcohol and who frequently observe people's reaction to alcohol may have reason to foresee the type of harm that arose in this case. At the pleading stage, however, a

court cannot simply assume that it is common for intoxicated or underage drinkers to become violent in order to support an inference that violence is a foreseeable result of serving alcohol to someone who is intoxicated. *See Chartrand v. Coos Bay Tavern,* 298 Or 689, 694, 696 P2d 513 (1985) (holding that judicial belief that it is common for intoxicated tavern patrons to drive cannot supply the foreseeability element of negligence). If the plaintiff claims that the defendants had reason to know that Willis and Phillips would become violent because those who are in the business of serving alcohol know that visibly intoxicated and underage drinkers frequently become violent, the plaintiff must allege that intoxicated and underage drinkers frequently become violent. Because the plaintiff failed to do so, the complaint does not state a claim for relief.

In conclusion, we hold that the complaint must allege facts that would allow the factfinder to determine that the defendants should have known of the danger to others. Because there are no allegations of facts from which a factfinder could infer that these defendants had reason to know that serving alcohol to Willis and Phillips would cause them to become violent, the trial court properly granted the defendants' motions for judgment on the pleadings.

The decision of the Court of Appeals is reversed. The decision of the trial court is affirmed.