Argued and submitted November 26, 1979,
reversed and remanded January 14,
reconsideration denied February 19,
petition for review denied March 11, 1980 (288 Or 667)

# YANZICK,
## *Appellant,*
### *v.*
# TAWNEY,
## *Defendant,*
# PLAID PANTRY,
## *Respondent.*

## (No. A7811 18235, CA 14969)

605 P2d 297

Graham Walker, Portland, argued the cause and filed the briefs for appellant. With him on the briefs was Gordon M. MacLaren, Portland.

William R. Miller, Jr., Portland, argued the cause for respondent. With him on the brief were Wayne N. Araki and Lang, Klein, Wolf, Smith, Griffith & Hallmark, Portland.

Before Tanzer, Presiding Judge, and Thornton and Campbell, Judges.

CAMPBELL, J.

## CAMPBELL, J.

In this negligence action for personal injuries, plaintiff appeals from the trial court's order sustaining defendant Plaid Pantry's demurrer to plaintiff's amended complaint.[1] We hold that the complaint states a cause of action, and reverse and remand for further proceedings.

For the purposes of this appeal we accept as true the allegations of fact in the complaint. Plaid Pantry, an Oregon corporation, operates a grocery store in Portland. Running across the entire width of the front of the store is a sidewalk, which is used by customers entering and leaving the store. The store's parking lot, which abuts the sidewalk, is marked so as to guide patrons to park their vehicles perpendicular to the sidewalk, with the front wheels resting against the curb. The curb is low enough so that when a car is parked in this fashion, its front bumper may extend over the sidewalk. On the sidewalk, Plaid Pantry operates an ice machine used for retail sales. On November 9, 1976, plaintiff, who was walking on the sidewalk prior to entering the store, was injured when Tawney, who was driving his car in the parking lot, drove forward, pinning plaintiff's legs between the ice machine and the front bumper of Tawney's car.

Plaintiff's amended complaint charged Plaid Pantry with the following specifications of negligence: allowing the ice machine to remain in position on the sidewalk when it knew or reasonably could have discovered that the machine posed a hazard to patrons using the sidewalk in that the machine was so close to the curb that the bumpers of cars could extend over the sidewalk and pin the legs of passing patrons to the machine; and (1) failing to give patrons adequate warning of the hazard; or (2) failing to construct the curb at a height sufficient to prevent car bumpers from extending over the sidewalk; or (3) failing to

[1] Plaintiff moved for and was granted a judgment of dismissal against defendant Tawney for reasons not pertinent to this appeal.

construct a barrier or bumper strip in front of the ice machine far enough from the machine to prevent cars from being able to pin the legs of passing patrons to the ice machine.

In order to state a cause of action in negligence, plaintiff's complaint must state facts which imply that defendant had a duty to the plaintiff. *Klerk v. Tektronix, Inc.,* 244 Or 10, 415 P2d 510 (1966). The existence of a duty in a particular case is a question for the court. *See Allen v. Shiroma/Leathers,* 266 Or 567, 514 P2d 545 (1973); *Dewey v. A.F. Klaveness & Co.,* 233 Or 515, 524, 379 P2d 560 (1963) (O'Connell, J., specially concurring).

Defendant, as the operator of a business to which the public is invited, has the duty to provide and maintain a reasonably safe place for its patrons in the reasonable pursuit of activities within the scope of the invitation. *See, e.g., Welter, Adm'x v. M & M Woodworking Co.,* 216 Or 266, 338 P2d 651 (1959); *Baker v. Lane County,* 37 Or App 87, 586 P2d 114 (1978); *Nicholson v. MGM Corporation,* 555 P2d 39 (Alaska 1976); Restatement (Second) of Torts § 343, Comment b (1965). Defendant must not only warn its patrons of latent dangers of which it is aware, but also ascertain the condition of its premises and exercise reasonable care to protect its patrons from dangers foreseeable from the arrangement or use of the premises. *E.g., Mickel v. Haines Enterprises, Inc.,* 240 Or 369, 400 P2d 518 (1965); Restatement (Second) of Torts § 343, Comments b, d (1965); Prosser, Law of Torts 392-93 (4th ed. 1971). In arguing that Plaid Pantry had a duty toward plaintiff under the circumstances of this case, plaintiff relies on Restatement (Second) of Torts § 344 (1965), which states:

> "A possessor of land who holds it open to the public for entry for his business purposes is subject to liability to members of the public while they are upon the land for such a purpose, for physical harm caused by the accidental, negligent, or intentionally harmful

acts of third persons or animals, and by the failure of the possessor to exercise reasonable care to

"(a)  discover that such acts are being done or are likely to be done, or [sic: and?][2]

"(b)  give a warning adequate to enable the visitors to avoid the harm, or otherwise to protect them against it."

Comment f to this section states:

"Since the possessor is not an insurer of the visitor's safety, he is ordinarily under no duty to exercise any care until he knows or has reason to know that the acts of the third person are occurring, or are about to occur. He may, however, know or have reason to know, from past experience, that there is a likelihood of conduct on the part of third persons in general which is likely to endanger the safety of the visitor, even though he has no reason to expect it on the part of any particular individual. If the place or character of his business, or his past experience, is such that he should reasonably anticipate careless or criminal conduct on the part of third persons, either generally or at some particular time, he may be under a duty to take precautions against it, and to provide a reasonably sufficient number of servants to afford a reasonable protection."

The Oregon Supreme Court adopted § 344 and Comment f as the law of this state in *Whelchel v. Strangways,* 275 Or 297, 304, 550 P2d 1228 (1976). *Uihlein v. Albertson's, Inc.,* 282 Or 631, 639, 580 P2d 1014 (1978).

It is alleged in the amended complaint that "the ice machine was so close to the outer edge of said sidewalk that the protruding bumpers of many cars using said lot would extend over the curbing and contact said ice machine." From this common parking practice by Plaid Pantry's patrons, which it allegedly knew of or

---

[2] In *Uihlein v. Albertson's, Inc.,* 282 Or 631, 580 P2d 1014 (1978), the court expressed its puzzlement at the use of the disjunctive rather than the conjunctive in this provision. Plaintiff concedes here that the use of "and" is proper and drafted her amended complaint on that premise, so the question is not before us.

reasonably could have discovered, Plaid Pantry knew or had "reason to know, from past experience,[3] that there is a likelihood of conduct on the part of third persons in general which is likely to endanger the safety of the visitor." Restatement (Second) of Torts § 344, Comment f (1965). The amended complaint thus states facts establishing Plaid Pantry's duty to warn plaintiff of the hazard or take other measures to protect plaintiff, the absence of which is alleged to be negligence.[4]

In order to state a cause of action in negligence, a complaint must also allege facts which establish that defendant's unreasonable conduct was a substantial factor in causing plaintiff's injury. *Babler Bros. v. Pac. Intermountain,* 244 Or 459, 415 P2d 735 (1966). The amended complaint alleges that plaintiff was injured when pinned between the ice machine and the bumper of Tawney's car. It also alleges the physical layout of the premises which permitted the accident to occur. The complaint thus sufficiently alleges the causal link between Plaid Pantry's actions and plaintiff's injuries, so as to survive demurrer.

Finally, in order for there to be a valid cause of action in negligence the harm must be foreseeable.

---

[3] Defendant in its brief accepts the language of the amended complaint as alleging that cars were sometimes parked with their bumpers touching the ice machine, and not merely that cars *might* be able to park that way.

[4] Defendant cites *Fisher v. Kirk & Son., Inc.,* 219 Or 402, 345 P2d 851 (1959), for the proposition that defendant had no duty to erect bumpers or barriers. In that case, plaintiff, a truck driver calling at defendant's warehouse to pick up freight, drove a hyster off of defendant's unguarded loading platform, sustaining serious injuries. The court affirmed the trial court's grant of defendant's motion for a nonsuit, holding that under the circumstances defendant had no duty to erect bumpers on the loading platform. The evidence showed that plaintiff had used the platform for the same purposes on a daily or weekly basis over a five-year period without a mishap to himself or others. Plaintiff was thus entirely aware of the hazard and was barred from recovery. In *Dawson v. Payless for Drugs,* 248 Or 334, 433 P2d 1019 (1967), the court expressly overruled *Fisher v. Kirk & Son, Inc.* and other cases which had held that plaintiff's knowledge of the encountered danger relieves defendant of any duty toward plaintiff. On the present state of the record, no issue of plaintiff's knowledge of the hazard is before us.

*See, e.g., Christensen v. Epley,* 287 Or 539, 555-56, 601 P2d 1216 (1979)(Tongue, J., concurring); *Allen v. Shiroma/Leathers, supra; Stewart v. Jefferson Plywood,* 255 Or 603, 469 P2d 783 (1970); *Dewey v. A.F. Klaveness & Co., supra* (O'Connell, J., specially concurring).

The role of this court in analyzing the foreseeability issue was outlined in *Stewart v. Jefferson Plywood Co., supra:*

> "The specific question before us is, then, whether plaintiff's injury and the manner of its occurrence was so highly unusual that we can say as a matter of law that a reasonable man, making an inventory of the possibilities of harm which his conduct might produce, would not have reasonably expected the injury to occur. Stated in another way, the question is whether the circumstances are out of the range within which a jury could determine that the injury was reasonably foreseeable." 255 Or at 609-10.

This court thus makes a preliminary determination on foreseeability as a matter of law, after which the issue is for the jury. *See, e.g., Christensen v. Epley, supra* (Tongue, J., concurring).

The foreseeability test in negligence cases has dual facets. First, the harm resulting must be within the general class of harms a reasonable person would anticipate might arise from his or her conduct. Second, the person injured must be within the general class threatened by the conduct, that is, the person injured must be a foreseeable plaintiff. *See, e.g., Christensen v. Epley, supra* (Tongue, J., concurring); *Stewart v. Jefferson Plywood Co., supra.*

The possibility that plaintiff, a customer of Plaid Pantry, might walk in front of the ice machine on the sidewalk provided expressly for that purpose is not only readily foreseeable but intended by Plaid Pantry. The lines on the parking lot were drawn so as to encourage persons such as Tawney to park cars so that the front wheels rested against the curb, the bumper

[65]

extending over the sidewalk in the manner alleged in the complaint. It is thus foreseeable from the physical layout of the premises that a patron such as plaintiff, passing in front of the ice machine, could be endangered by a car pulling too close to the curb so that part of the car projected over the sidewalk. As stated in Comment c to Restatement (Second of Torts § 302A (1965):[5]

> "* * *[T]he actor is required to know that there is a certain amount of negligence in the world, and that some human beings will fail on occasion to behave as a reasonable man would behave. Where the possibility of such negligence involves an unreasonable risk or harm, either to the person who is to be negligent or to another, the actor, as a reasonable man, is required to take it into account and to govern his conduct accordingly."

Thus, from the amended complaint, a jury could reasonably find both that the injury suffered by plaintiff is within the general class of harms reasonably to be anticipated from the negligent acts alleged, and that plaintiff was within the class of persons who might reasonably be expected to suffer such harm.

We conclude, therefore, that plaintiff's amended complaint states a cause of action in negligence against Plaid Pantry.

Reversed and remanded for further proceedings.

---

[5] Restatement (Second) of Torts § 302A (1965) states:

"An act or omission may be negligent if the actor realizes or should realize that it involves an unreasonable risk of harm to another through the negligent or reckless conduct of the other or a third person."

Illustration 3 to this section states:

"A, constructing a building, blocks the sidewalk, and forces pedestrians to walk in the street, where there is heavy traffic and no protection. A could easily avoid the risk by constructing, at slight expense, a passage with a guardrail, but fails to do so. B, a pedestrian forced into the street, is struck and injured by an automobile driver who is not keeping a proper lookout. A may be found to be negligent toward B."