Argued and submitted April 22, affirmed in part; reversed in part
and remanded October 12, reconsideration denied November 25,
petition for review denied December 28, 1983 (296 Or 237)

# TORRES,
*Appellant,*

*v.*

# UNITED STATES NATIONAL
# BANK OF OREGON,
*Respondent.*

(A8007-03990; A25563)

670 P2d 230

Keith D. Skelton, Portland, argued the cause and filed the brief for appellant.

Susan E. Watts, Portland, argued the cause for respondent. On the brief were Garr M. King, Bruce G. Thompson, and Kennedy, King, Zimmer & O'Malley, Portland.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

NEWMAN, J. .

Van Hoomissen, J., concurring in part; dissenting in part.

## NEWMAN, J.

Plaintiff appeals from a judgment entered after the court granted defendant's motion to dismiss his complaint. Plaintiff sued for personal injuries suffered when he was shot by a robber while making a deposit in the night depository at defendant's bank. We hold that plaintiff's complaint states a negligence claim but fails to state a claim under the Employer's Liability Act (ELA), ORS 654.305.

Plaintiff alleged that defendant installed a night depository at its branch at 72nd and N.E. Fremont in Portland, and encouraged its customers, including plaintiff's employer, to make deposits in it at night and on weekends when the bank was closed and no employes or guards were present; that on July 30, 1978, at 6:30 p.m., plaintiff went to the depository to make a deposit for his employer; and that, as he approached, he was shot and wounded by a robber who was hiding behind some bushes. Plaintiff also alleged that the bank knew or should have known that the design of the bank and the hidden location of the depository exposed users of the depository to an unreasonable risk of criminal aggression and that it was under a duty to make visible the area of the depository, because it is common knowledge that visibility deters criminal activity; that the bank negligently eliminated the deterrent affect of visibility; that plaintiff's employer had previously experienced robbery hazards at a depository at another of defendant's branch banks, had moved his account and had been assured of greater safety; and that defendant knew of the hazards inherent in depository banking but failed to make adequate safeguards to protect its customers.

As a second claim, plaintiff alleged that, when he was shot, he was acting in the scope and course of his employment and was injured because of defendant's negligence and its violation of the ELA. We deal with that claim first.

ORS 654.305 provides:

"Generally, all owners, contractors or subcontractors and other persons having charge of, or responsible for, any work involving a risk or danger to the employes or the public, shall use every device, care and precaution which it is practicable to use for the protection and safety of life and limb, limited only by the necessity for preserving the efficiency of the structure, machine or other apparatus or device, and without regard to

the additional cost of suitable material or safety appliance and devices."

It is not necessary that the plaintiff be employed by the defendant. *Thomas v. Foglio,* 225 Or 540, 358 P2d 1066 (1961). If the plaintiff sues a defendant other than his employer, however, the defendant must have responsibility for work involving risk or danger in either

"*** (a) a situation where defendant and plaintiff's employer are simultaneously engaged in carrying out work on a common enterprise, or (b) a situation in which the defendant retains a right to control or actually exercises control as to the manner or method in which the risk-producing activity is performed. * * *" *Miller v. Georgia-Pacific Corp.,* 294 Or 750, 754, 662 P2d 718 (1983).

Plaintiff does not plead that defendant had actual charge of plaintiff's work in making the deposit or had the right to control the manner in which plaintiff performed that work or that defendant and plaintiff's employer were engaged in work on a common enterprise. The trial court did not err in granting defendant's motion to dismiss plaintiff's claim under the ELA.[1]

The trial court erred, however, in granting defendant's motion to dismiss plaintiff's negligence claim. Plaintiff's complaint sufficiently alleges that defendant had a duty to protect him against the type of injury he suffered, that defendant breached that duty, that defendant's conduct was a substantial factor in causing plaintiff's injury and that the breach caused plaintiff damage. *See Yanzick v. Tawney,* 44 Or App 59, 605 P2d 297, *rev den* 288 Or 667 (1980).

Defendant argues that the complaint fails to allege facts which show a duty on its part to protect plaintiff against the criminal acts of third parties. Ordinarily an individual is under no duty to protect another from the criminal acts of a third party, *see* Annot. 10 ALR3d 619 (1966), and may reasonably proceed on the assumption that others will obey the criminal law. Prosser, Law of Torts 174, § 33 (4th ed 1971); *see also Fred Meyer, Inc. v. Temco Met. Prod.,* 267 Or 230, 516 P2d 80 (1973).

---

[1] Because plaintiff failed to allege the necessary relationship between defendant and himself, we need not decide whether plaintiff failed to allege that he was performing work involving a "risk or danger to the employes or the public" within the meaning of ORS 654.305.

■ A possessor of land, however, may be under a duty to protect his business invitees from criminal acts of third parties. Restatement (Second) of Torts § 344 (1965) states:

"A possessor of land who holds it open to the public for entry for his business purposes is subject to liability to members of the public while they are upon the land for such a purpose, for physical harm caused by the accidental, negligent, or intentionally harmful acts of third persons or animals, and by the failure of the possessor to exercise reasonable care to

"(a) discover that such acts are being done or are likely to be done, or

"(b) give a warning adequate to enable the visitors to avoid the harm, or otherwise to protect them against it."

Comment f states:

"Since the possessor is not an insurer of the visitor's safety, he is ordinarily under no duty to exercise any care until he knows or has reason to know that the acts of the third person are occurring, or are about to occur. He may, however, know or have reason to know, from past experience, that there is a likelihood of conduct on the part of third persons in general which is likely to endanger the safety of the visitor, even though he has no reason to expect it on the part of any particular individual. If the place or character of his business, or his past experience, is such that he should reasonably anticipate careless or criminal conduct on the part of third persons, either generally or at some particular time, he may be under a duty to take precautions against it, and to provide a reasonably sufficient number of servants to afford a reasonable protection."

The Supreme Court recognized § 344 and comment f as the law of this state in *Whelchel v. Strangways,* 275 Or 297, 550 P2d 1228 (1976); *see also Uihlein v. Albertson's, Inc.,* 282 Or 631, 580 P2d 1014 (1978); *Yanzick v. Tawney, supra; Brown v. J. C. Penney Co.,* 64 Or App 293, 667 P2d 1047 (1983); Comment e to Restatement (Second) of Torts § 302B (1965).[2]

---

[2] Comment e, Restatement (Second) of Torts § 344 (1965), provides:

"There are, however, situations in which the actor, as a reasonable man, is required to anticipate and guard against the intentional, or even criminal, misconduct of others. In general, these situations arise where the actor is under a

Plaintiff pleads that defendant is in the banking business, owns and occupies the branch bank involved and invited its customers, of whom defendant's employer was one, to make deposits of cash and checks at its branch night depository.

Defendant maintains, however, that plaintiff has not pleaded that defendant had a duty to protect plaintiff, because he does not allege facts which imply that defendant knew or had reason to know that bank patrons using the depository in this particular branch had been robbed or assaulted in the past, that potential criminals might be lurking next to the depository and that there was otherwise a likelihood of conduct on the part of third persons which was likely to endanger the plaintiff's safety. Defendant relies on *Uihlein v. Albertson's, Inc., supra.* We are not persuaded that *Uihlein* controls the case before us.

In *Uihlein,* the defendant's customer sued for injuries allegedly resulting from the defendant's negligence. The plaintiff pleaded that she was attacked by an unknown third party and that the defendant failed to protect its patrons when it knew that violent crimes were reasonably foreseeable. The sufficiency of the complaint was not raised, but the court considered depositions and affidavits and granted the defendant's motion for summary judgment. One of the allegations was that the defendant had failed to provide "unusual lighting" to protect its patrons and discourage the commission of crimes *in* the supermarket. The plaintiff conceded in her deposition, however, that the interior of the store was well lit. Here plaintiff was attacked outside the bank, and plaintiff pleaded that defendant obscured the view which passersby and the police might have had by planting trees and shrubs and by the design of the premises.

---

special responsibility toward the one who suffers the harm, which includes the duty to protect him against such intentional misconduct; or where the actor's own affirmative act has created or exposed the other to a recognizable high degree of risk of harm through such misconduct, which a reasonable man would take into account. The following are examples of such situations. * * *

"* * * * *

"B. Where the actor stands in such a relation to the other that he is under a duty to protect him against such misconduct. Among such relations are those of carrier and passenger, innkeeper and guest, employer and employee, possessor of land and invitee, and bailee and bailor."

The plaintiff also alleged in *Uihlein* that the defendant was negligent in not providing any security force to protect patrons in the supermarket. The court reviewed the evidence that assaults were likely to be committed in the general area in which the supermarket was located, found it "insufficient to charge defendant with notice that a harmful act of this kind was likely to occur in its store" and held "as a matter of law, on this record" that the defendant had no duty to provide a security force to protect the plaintiff. The court also stated that "the duty to warn does not arise until the storekeeper knows or has reason to know of the likelihood of harm" and found that "[t]here is nothing in this record to show the defendant should have anticipated an assault and robbery of plaintiff *in defendant's store;* therefore, no duty to warn arose." 282 Or at 641. (Emphasis in original.)

Plaintiff here pleads that defendant had invited customers to make deposits in the depository located on the outside wall of its bank after regular banking hours when no employes or guards of the bank were present and in an area which the bank had obscured from the view of passersby and the police. Unlike *Uihlein,* which was decided on a motion for summary judgment, the issue here is whether plaintiff has pleaded sufficient facts so that he may proceed to trial and introduce evidence of circumstances that may permit a jury to find that defendant should have known that there was a likelihood that its invitees would be endangered by the criminal acts of third parties.

In *Mezyk v. National Repossessions,* 241 Or 333, 405 P2d 840 (1965), the plaintiff sued an automobile dealer who had left a key in the ignition of an automobile that was subsequently stolen from the dealer's lot. The thief recklessly drove the stolen vehicle and injured the plaintiff. Because the trial court sustained the defendant's demurrer, the question whether the defendant owed the plaintiff a duty was determined

"* * * upon the allegations of the complaint and any facts which might conceivably be adduced as proof of such allegations." 241 Or at 336.

The court stated that an owner of a car owes a duty to third persons injured by a negligent thief if the owner negligently

leaves the keys in the car. The existence of the duty depended on the foreseeability of injury to the plaintiff:

> "Whether or not the defendant was negligent depends upon whether or not the defendant's conduct in leaving the keys in the car created a likelihood of harm to the plaintiff. * * *" 241 Or at 338.

The court quoted from Prosser, Law of Torts § 333 (3d ed 1964), that "duty" is " 'an expression of the sum total of those considerations of policy which lead the law to say that the particular plaintiff is entitled to protection.' " 241 Or at 336. It reversed the trial court and concluded that

> "* * * the plaintiff should have the opportunity under the allegations of her complaint to proceed to trial and introduce evidence, if she can, of circumstances which may permit the jury to find that the defendant should have known by leaving its keys in its car that there was a reasonable likelihood that a careless thief would steal its car and then would negligently drive away." 241 Or at 340.

Plaintiff's allegations here are sufficient to plead that defendant had a duty to provide a reasonably safe place for its patrons to use the night depository and to exercise reasonable care to protect them from foreseeable dangers.

■        The complaint also states facts which, if proven, could establish that defendant should reasonably have anticipated criminal conduct against its invitees. If evidence is produced that, due to "the place or character of his business, or his past experience," a defendant could reasonably foresee that a plaintiff's safety may be endangered, a defendant may be under duty to take precautions against such hazards. Restatement (Second) of Torts § 344, comment *f* (1965). Plaintiff may be able to introduce evidence that would enable the trier of fact to find that defendant should have foreseen the likelihood of harm. *Mezyk v. National Repossessions, supra.* He might, for example, introduce evidence of robberies at other night depositories in the area. He might also be able to compare evidence of the occurrence of robberies at night depositories located on the street with robberies at depositories hidden from public view or show other circumstances that may permit the jury to find that defendant should have known that there was a likelihood that its business invitees would be endangered at this depository after regular banking hours by

the criminal acts of third parties. Plaintiff is not required to plead specifically that defendant knew, or should have known, that customers using the depository in this particular bank had been robbed or assaulted in the past or that potential criminals were lurking around its night depository.[3]

■       For defendant to breach its duty to plaintiff, the harm to plaintiff must be foreseeable. It must be within the general class of harm a reasonable person would anticipate might arise from defendant's conduct, and the person injured must be within the general class threatened by the conduct. *Yanzick v. Tawney, supra.* Plaintiff sufficiently pleads that it was foreseeable that he might use the depository, as invited, after regular banking hours; that because of the bank's design, the view of police and passersby would be obscured; that the general class of harm which a customer might suffer in making a deposit included physical assault by a robber; and that, as an employe of one of defendant's customers, he was within the general class threatened by such conduct.

■       Plaintiff's complaint sufficiently alleges that defendant's conduct was a substantial factor in causing his injury by pleading that defendant invited its customers to use the night depository after regular banking hours when no employes or guards were present and that the design of the property removed the deterrent effect of visibility. *Yanzick v. Tawney, supra.* Plaintiff also sufficiently pleads that defendant's breach of duty caused his damages.

Affirmed on the Employers Liability Act claim; reversed on the negligence claim; and remanded.

**VAN HOOMISSEN, J.,** concurring in part; dissenting in part.

I would hold that plaintiff's second amended complaint fails to allege ultimate facts sufficient to constitute a claim for relief against defendant for negligence. Accordingly,

---

[3] Defendant relies on *Nigido v. First Nat. Bank of Baltimore,* 264 Md 702, 288 A2d 127 (1972), where the plaintiff was shot during banking hours inside the bank. He did not allege a total absence of guards or complete lack of precautions, but only a failure to take "proper precautions" and "properly guard" the premises. Here, plaintiff alleges that the bank invited its customers to use the depository outside the bank after regular banking hours when no guards were present and designed the bank, its grounds and the location of the depository to eliminate the deterrent factor of visibility.

I disagree with the majority's conclusion that the trial court erred in granting defendant's motion to dismiss plaintiff's negligence claim.

Plaintiff should have pleaded with specificity that defendant knew, or should have known, that in the past its patrons at the 72nd and Fremont Branch had been robbed or assaulted while using the night depository. Instead he alleged only that at 6:30 p.m. on July 30, 1978, he went to the night depository to make a deposit for his employer and that when he approached the depository he was robbed and shot by an unknown third party. Those allegations fail to state a claim for relief against defendant bank. *Uihlein v. Albertson's, Inc.,* 282 Or 631, 639, 580 P2d 1014 (1978); *Fred Meyer, Inc. v. Temco Met. Prod.,* 267 Or 230, 236, 516 P2d 80 (1973); *see also Nigido v. First Nat. Bank of Baltimore,* 264 Md 702, 288 A2d 127 (1972).

I concur with the majority's conclusion that the trial court properly dismissed plaintiff's Employer's Liability Act claim.