Argued and submitted February 1, reversed and remanded April 26, both petitions for review denied August 1, 1995 (321 Or 429)

Lynne R. MACKEY,
*Appellant,*

*v.*

TKCC, INC.,
a California corporation,
dba Koll Construction;
Koll Company,
a California corporation;
Petula Associates, Limited,
an Iowa corporation; and
Koll Woodside Associates,
a California general partnership,
*Respondents.*

TKCC, INC.,
a California corporation,
dba Koll Construction;
and Petula Associates Limited,
an Iowa corporation,
*Third-Party Plaintiffs,*

*v.*

MacKENZIE/SAITO & ASSOC., P.C.,
an Oregon professional corporation,
*Third-Party Defendant.*

(C920336CV; CA A83067)

894 P2d 1200

Kim T. Buckley argued the cause for appellant. With him on the briefs was Esler, Stephens & Buckley.

Gregory B. Snook argued the cause for respondent TKCC, Inc. With him on the brief was Kilmer, Voorhees & Laurick, P.C.

Thomas M. Christ argued the cause for respondents Petula Associates Limited, Koll Company and Koll Woodside Associates. With him on the brief was Mitchell, Lang & Smith.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

EDMONDS, J.

**EDMONDS, J.**

Plaintiff appeals from a judgment entered for defendants after the trial court granted defendants' motion to strike certain allegations from plaintiff's complaints, ORCP 21, and granted summary judgment on her remaining allegations. ORCP 47 C. She challenges both of those rulings as well as the trial court's refusal to allow her to file an amended complaint. ORCP 23 A. We reverse.

This case is about the liability of a landlord and the builder of an office building in Beaverton. A skybridge connects the Rhein Building to the Deschutes Building in a Beaverton complex. The Rhein Building and the skybridge were built by defendant Koll Construction Company (TKCC). K.C. Woodside, a joint venture consisting of defendants Koll Woodside Associates and Petula Associates, Limited, owns the Rhein Building and the skybridge. They leased those premises to Sequent Computer Systems, Inc. (Sequent). Plaintiff works for Sequent as a project leader and senior software engineer. After the skybridge was completed in April 1990, plaintiff and other employees began to use portions of the Rhein Building. Plaintiff permanently moved into the Rhein Building in June 1990.

Plaintiff brought this action for negligence. In her first amended complaint, plaintiff alleged that in April 1990 and thereafter, the air in the Rhein Building and the skybridge contained unsafe levels of volatile organic compounds (VOCs). The sources of the VOCs were the materials used in the construction and decoration of the building and skybridge. Plaintiff claims that she suffered numerous injuries including headaches, dizziness, nausea and blurred vision, as well as damage to her brain and central nervous system, as a result of the hazardous VOCs.

In paragraph 13 of her first amended complaint, plaintiff specifically alleged:

"Defendants knew *or, in the exercise of reasonable care, should have known* that they had created unsafe conditions in the Rhein Building, the Deschutes Building, and the skybridge in April-May 1990 and thereafter that involved an unreasonable risk of injury to plaintiff and others because of the presence of VOCs. Defendants should have known of the unreasonable risk of injury because *it is common knowledge*

that indoor air pollution and 'sick buildings' are health hazards, and the existence of indoor air pollution because of the presence of VOCs was readily detectable by smelling the air. *It is also common knowledge that materials used in the construction, decoration, and preparation of new buildings contain and offgas potentially harmful VOCs.* Defendants knew that the Rhein Building and the skybridge would be used by Employer as a workplace, and therefore, employees working in the Rhein and Deschutes Buildings and using the skybridge would be exposed to the health hazard created by the indoor air pollution." (Emphasis supplied.)

Defendants moved to strike the phrase "or, in the exercise of reasonable care, should have known," and the balance of paragraph 13, arguing that plaintiff had not pled sufficient facts to support the allegation. The trial court granted defendants' motion under ORCP 21 A(8).

Plaintiff filed a second amended complaint and restated paragraph 13 as follows:

"Defendants knew or, in the exercise of reasonable care, should have known that they had created unsafe conditions in the Rhein Building * * *. Defendants, in the exercise of reasonable care, should have known of the unreasonable risk of injury because persons who construct and lease commercial buildings to be used by office workers and lab technicians *normally know*:

"a. that indoor air pollution and 'sick buildings' are health hazards,

"b. that materials used in the construction, decoration, and preparation of new buildings contain and offgas potentially harmful VOCs, and

"c. that new buildings should be 'baked out' or 'cured' and adequately ventilated before occupancy to reduce the concentrations of VOCs to safe levels.

"The existence of indoor air pollution because of the presence of VOCs was readily detectable by smelling the air. Defendants knew that the Rhein Building and the skybridge would be used by Employer as a workplace, and that the Deschutes Building was being used as a workplace during construction. Defendants knew or, in the exercise of reasonable care, should have known that employees working in the Rhein and Deschutes Buildings and using the skybridge would be exposed to the health hazard created by the indoor air pollution if the Rhein Building and skybridge were not

baked out or cured and adequately ventilated before occupancy or open air connection to the Deschutes Building." (Emphasis supplied.)

Defendants again moved to strike the phrase, "or in the exercise of reasonable care, should have known," and the balance of paragraph 13, making essentially the same argument. This time, defendants requested that plaintiff not be allowed to replead her "should have known" allegation. The trial court granted defendants' motion in its entirety.

In her third amended complaint, plaintiff restated paragraph 13 as follows:

"Defendants knew that they had created unsafe conditions in the Rhein Building, the Deschutes Building, and the skybridge in April-June 1990 and thereafter."

Defendants moved for summary judgment against the complaint, arguing that the uncontroverted evidence in the record established that defendants did not have actual knowledge of the alleged hazard. Before the trial court ruled on defendants' motion, plaintiff requested leave to file a fourth amended complaint in which she sought to add a products liability claim against defendants. At the same hearing, the trial court denied plaintiff's motion for leave to file a fourth amended complaint and granted defendants' motion for summary judgment against the third amended complaint. ORCP 47.

Plaintiff first assigns as error the trial court's ruling to strike the allegation in her first and second amended complaints that defendants "should have known" that they created unsafe conditions and an unreasonable risk of injury in the Rhein Building and skybridge. Defendant TKCC argues that plaintiff has not pled sufficient ultimate facts to support her allegation that defendants should have known of the hazard or risk. TKCC says:

"Plaintiff must allege and then prove, *actual real-world facts* from which, upon such proof, a fact finder could infer the *ultimate* conclusion that defendants, including TKCC, 'should have known' of the alleged hazard to plaintiff." (Emphasis in original.)

In *Moore v. Willis*, 307 Or 254, 259, 767 P2d 62 (1988), the Supreme Court said:

"An allegation that someone knew something is different from an allegation that the person should have known something. That a defendant knew of a dangerous condition is an ultimate fact—the fact that the defendant was aware of a particular risk. Yet an allegation that a defendant should have known of a dangerous condition is not an allegation of a fact. Whether a defendant should have known something is a judgment about a particular set of circumstances rather than a fact from which conclusions are drawn. An allegation that a defendant knew something may be an allegation of fact, but an allegation that he should have known something is merely a conclusion drawn from other facts. When a plaintiff claims that a risk was foreseeable, though not necessarily foreseen, the plaintiff must allege facts that would allow the factfinder to conclude that the defendant should have known of the risk."

■     In this case, plaintiff alleged that those who are in the business of constructing and leasing are aware that new buildings often contain harmful VOCs. In *Torres v. United States Nat. Bank*, 65 Or App 207, 214, 670 P2d 230, *rev den* 296 Or 237 (1983), we said:

"If evidence is produced that, due to 'the place or character of his business, or his past experience,' a defendant could reasonably foresee that a plaintiff's safety may be endangered, a defendant may be under a duty to take precautions against such hazards. *Restatement (Second) of Torts* § 344, comment *f* (1965)."

Plaintiff's allegations suffice to allege facts by which defendants, as contractors or lessors of a new building, would have reason to know of potentially dangerous VOCs, a fact that would require them to investigate and take preventive measures if necessary.

■     Nonetheless, defendant lessors argue that they, as landlords, are only liable for failing to protect plaintiff from hazards about which they have actual knowledge, and about which Sequent was unaware. They rely on *Bellikka v. Green*, 306 Or 630, 640-44, 762 P2d 997 (1988), in which the plaintiff brought a personal injury action against the tenant and the landowner alleging that the landowner had rented property

with a concealed hole in the lawn into which the plaintiff fell while "trick or treating" on Halloween.

In *Bellikka*, the court held that a lessor has a duty to remedy a hazard only if it would be unreasonable to expect the lessee to remedy it. Defendants argue:

> "Obviously, the lessor cannot evaluate whether the hazard is such that the tenant will probably remedy it unless the lessor is in fact aware of the hazard. Accordingly, the rule contemplates that the lessor have *actual* notice of the hazard; constructive notice does not suffice." (Emphasis in original.)

The plaintiff in *Bellikka* alleged, in part:

> " 'Plaintiff fell and was injured after she stepped into a partially concealed hole in the lawn about three feet from the paved driveway. Plaintiff alleged that the hole had been in the lawn *prior* to the time defendant rented the house to Green, and that defendant *knew or should have known* of the existence of the hole and failed to fix or give warning about the hole.' " 306 Or at 632-33. (Emphasis supplied.)

In discussing the allegations in the plaintiff's common law negligence claim in the light of ORCP 21 A(8), the Supreme Court said:

> "The elements of liability [for a landlord] that existed before and continue to be important after *Fazzolari* [*v. Portland School Dist. No. 1J*, 303 Or 1, 734 P2d 1326 (1987)] include, but are not limited to, such questions as whether the defendant unreasonably created a risk of harm to the protected interests of a reasonably foreseeable group or class of people which would include the plaintiff, whether the defendant knew or should have recognized that risk, and whether the defendant acted reasonably in light of the risk created. Thus, in ordinary tort actions, the plaintiff must make sufficient allegations to show at least that the defendant acted unreasonably during or after the creation of an actual and foreseeable risk to a foreseeable plaintiff of the same type as the present plaintiff." 306 Or at 648.

The court concluded:

> "Plaintiff's allegation that defendant was 'negligent' in not filling the hole can be treated as a statement that defendant acted unreasonably in light of a foreseeable risk. Plaintiff stated sufficient facts to withstand a motion to dismiss for failure to state facts sufficient to constitute a claim." *Id.* at 649.

The plaintiff's allegations in *Bellikka* are similar to those in this case. In both, it is alleged that the defendants should have known of the dangerous condition. In *Bellikka*, the court did not expressly or impliedly require as a prerequisite to liability that the defendant landlord have actual knowledge of the hazard. Moreover, the *Bellikka* court, in describing the evolution of legal thought about landlord liability, referred to *Pagelsdorf v. Safeco Ins. Co. of America*, 91 Wis 2d 726, 284 NW2d 55 (1979). That is a case in which the jury returned a verdict for the defendant landlord, having found that he had no prior knowledge of the rotten condition of a porch railing that gave way when the tenant's guest leaned against it. The Wisconsin court adopted the rule that a landlord is under a duty to exercise ordinary care in the maintenance of the premises and followed the lead of the New Hampshire court in *Sargent v. Ross*, 113 NH 388, 308 A2d 528 (1973). Accordingly, it reversed the judgment for the defendant. The *Bellikka* court then returned to Oregon case law in its opinion, noting that in *Jensen v. Myers*, 250 Or 360, 441 P2d 604 (1968), it had held that the fact that the condition attributable to the landlord's negligence had passed beyond his control before it caused injury did not exonerate him if the injury was foreseeable at the time he still had control. It then adopted the rule of *Jensen* that the proper test is whether the nature of the defect is such that the landlord would reasonably expect that the tenant would take steps to remedy the hazard. *Bellikka*, 306 Or at 647.

We conclude that the court's holding in *Bellikka* contemplates that a landlord could be liable under certain circumstances for the failure to remedy dangerous conditions that it should know about, as well as those it actually knows about. Accordingly, we conclude that the trial court erred in striking plaintiff's allegation that defendants "should have known" that they had created unsafe conditions and an unreasonable risk of injury in the Rhein Building and skybridge.

Plaintiff also assigns error to the trial court's granting of summary judgment against her third amended complaint. Because we reverse on the trial court's striking of the allegations about what defendants "should have known," summary judgment was inappropriate on the claim.

Plaintiff also assigns error to the trial court's denial of her motion to file a fourth amended complaint pursuant to ORCP 23 A in which she sought to add a products liability claim. The trial court concluded that the motion was untimely and that to allow it would be unduly prejudicial to the defendants, and would unduly complicate the current pleadings and the trial, which was scheduled to begin about two weeks later. Inasmuch as those concerns will not exist on remand, the trial court should reconsider the motion if it is renewed in a timely fashion.

Reversed and remanded.