105 F.3d 668
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David G. WOLD, Plaintiff-Appellant,
v.
RED LION INN, a California limited partnership; City of
Springfield, an Oregon municipal corporation; John P.
Slimak, individually and as an officer of the City of
Springfield Police Department; Eamon Bishop, individually
and as an officer of the City of Springfield Police
Department; Paul J. Donohoe, individually and as an agent
of Red Lion Inn, Defendants-Appellees.
 No. 94-35500.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 19, 1996.
Decided Jan. 6, 1997.
 
 Before: WALLACE, Chief Judge, D.W. NELSON and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 I. BACKGROUND
 
 2
 Appellant/plaintiff David G. Wold brought a suit against the appellees/defendants Red Lion Inn, its employee Paul J. Donohoe, the City of Springfield, Officer John P. Slimak, and Officer Eamon Bishop based on a federal 42 U.S.C. § 1983 claim and five state tort claims. The case arises from the failure of Red Lion to properly record the room in which Wold was staying and the ensuing police investigation of his room. The facts are well-known to the parties and will not be repeated. The district court granted Red Lion's and Donohoe's motion for summary judgment with respect to all claims against them.
 
 
 3
 The district court granted Springfield's, Slimak's, and Bishop's motion for summary judgment with respect to all of the state claims and the federal claim except the portion of the § 1983 claim that dealt with the use of force after gaining entry to the motel room. At trial, the district court granted Springfield's and Bishop's motions for judgment as a matter of law after the plaintiff's presentation of his case. The jury returned a verdict in favor of the only remaining defendant, Slimak. Wold appeals the summary judgment in favor of Red Lion and Donohoe; the partial summary judgment in favor of Springfield, Slimak, and Bishop; the exclusion of expert testimony; the instructions to the jury; and the denial of his motion to alter or amend the judgment. We affirm.
 
 II. ANALYSIS
 
 4
 A. SUMMARY JUDGMENT ON THE § 1983 CLAIM AGAINST RED LION AND DONOHOE.
 
 
 5
 Wold argues that the district court erred when it granted Red Lion's and Donohoe's motions for summary judgment.
 
 
 6
 A grant of summary judgment is reviewed de novo. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995). On review of a grant of summary judgment, the reviewing court must employ the same standard that governs the trial court: the reviewing court may affirm a grant of summary judgment pursuant to Rule 56 only if no genuine issue of material fact exists and the moving party is entitled to prevail as a matter of law. May Department Store v. Graphic Process Co., 637 F.2d 1211, 1213-14 (9th Cir.1980); Fed.R.Civ.P. 56(c). Summary judgment may be affirmed on any ground supported by the record, even if not relied upon by the district court. Rhoden v. United States, 55 F.3d 428, 431, n. 3 (9th Cir.1995).
 
 
 7
 In order to state a claim under 42 U.S.C. § 1983, a plaintiff must show two essential elements: (1) that the defendants acted under color of state law; and (2) that the defendants caused the plaintiff to be deprived of a right secured by the constitution and laws of the United States. Howerton v. Garcia, 708 F.2d 380, 382 (9th Cir.1983).
 
 
 8
 For this court to decide whether the summary judgment on the § 1983 claim was properly granted in favor of Red Lion and Donohoe, it needs only decide whether Wold had alleged enough evidence that Red Lion and Donohoe had acted under color of state law. The evidence that Wold argues is sufficient to support his argument that summary judgment was inappropriate, does not raise a genuine issue of fact. Furthermore, Wold failed to allege evidence that Red Lion and Donohoe acted under color of law. Wold failed to establish one of the essential elements of his § 1983 claim against Red Lion and Donohoe; therefore, the summary judgment on the § 1983 claim against Red Lion and Donohoe was properly granted.
 
 
 9
 B. SUMMARY JUDGMENT ON THE STATE CLAIMS AGAINST RED LION AND DONOHOE.
 
 
 10
 Wold appeals the summary judgment on the following state claims against Red Lion and Donohoe: (1) assault; (2) negligence; (3) false arrest; (4) infliction of emotional distress; and (5) trespass/invasion of privacy.
 
 
 11
 1. Assault, False Imprisonment, and Infliction of Emotional Distress.
 
 
 12
 The assault, false imprisonment, and infliction of emotional distress claims entail harm from the direct acts of the police. The question is whether Red Lion and Donohoe intended for the harmful acts of the police to occur. See Brown v. Far West Federal Savings & Loan Assoc., 674 P.2d 1183, 1185 (Or.App.1984). Because Red Lion and Donohoe had very little control over the police, they did not have the intent required for Wold to prevail on the assault, false imprisonment, and infliction of emotional distress claims. Therefore, as a matter of law, these three state claims of relief were properly disposed of in a summary judgment.
 
 2. Negligence
 
 13
 Oregon courts have recognized a qualified privilege that provides that a person who mistakenly summons the police is not liable for damages due to negligence in reporting the crime or instigating the arrest. Brown v. Far West Federal, 674 P.2d 1183, 1186 (Or.App.1984). The strong public policy behind this qualified immunity is that it encourages parties to freely resort to the courts and judicial officers for the enforcement of their rights and remedy of their grievances without the risk of undue punishment for their own ignorance of the law, or for the errors of courts and judicial officers. Id. (citing Aiken v. Shell Oil Co. et al., 348 P.2d 51 (Or.1959)).
 
 
 14
 In Brown, the Oregon Court of Appeals held that public policy considerations precluded the imposition of a duty on bank employees to investigate further the apparent bank robbery in progress before calling police. Id. The Brown court also held that the bank had no duty to report accurately to police each fact known by each employee under the emergency circumstances.
 
 
 15
 Similar to the Brown case, Red Lion and Donohoe called the police in good faith. Red Lion and Donohoe believed that a burglary was in progress. Given the public policy considerations discussed in Brown, the qualified privilege is applicable to Red Lion and Donohoe. Under the qualified privilege, appellees Red Lion and Donohoe are not liable for any of the actions subsequent to their calling the police.
 
 
 16
 Wold argues that qualified privilege is inapplicable to this case because appellee Red Lion had a special duty as an innkeeper to Wold. "The duties of innkeepers and other operators of commercial establishments to their guests are to 'protect them against unreasonable risk of physical harm' and to aid them if they are ill or injured." Fuhrer v. Gearhart by the Sea, 760 P.2d 874, 879 (Or.1988) (citation omitted). Even though the innkeeper's duty has a strong public policy and is important for the safety of guests, we hold that it is a more important policy to have police respond to crime and investigate quickly. Therefore, there is a qualified privilege for an innkeeper that precludes damages due to negligence in reporting the crime or instigating the arrest.
 
 
 17
 Wold based his negligence claim on three alleged negligent acts by Red Lion and Donohoe: (1) failure to properly register Wold into room 257; (2) failure to determine that a registered guest occupied room 257 before contacting the police; and (3) failure to determine that the occupant of the room was a registered guest before allowing the police to enter.
 
 
 18
 The last two negligent acts fall within the scope of the qualified privilege related to negligently summoning the police. See Brown, 674 P.2d at 1186 (holding that there was no duty to business invitee on bank employees to investigate further the apparent bank robbery in progress before calling the police). In Brown, the bank failed to determine that the plaintiff had been a customer of the bank for 30 years and was not attempting to rob the bank. Id. Similarly, in this case, appellees Red Lion and Donohoe failed to determine that the individual in room 257 was a registered guest, not the "mystery thief". These two negligent acts are covered by the qualified privilege, pursuant to Brown.
 
 
 19
 To state a cause of action in negligence in Oregon, the "plaintiff must allege that defendant owed him a duty, that defendant breached that duty, and that the breach was the cause in fact of some legally cognizable damage to plaintiff." Brennan v. City of Eugene, 591 P.2d 719, 722 (Or.1979). In addition, "in order for there to be a valid cause of action in negligence the harm must be foreseeable." Yanzick v. Tawney, 605 P.2d 297, 300 (Or.App.1980), review denied, 288 Or. 677 (1980). All of the alleged negligent acts by Red Lion and Donohoe derive from Red Lion's initial bookkeeping error. The bookkeeping error on the part of Red Lion did not proximately cause the harm to Wold. Rather, the proximate cause of the harm to Wold was Donohoe's call to the police and the ensuing acts of the police. As was previously discussed, Donohoe and Red Lion are not liable for damages due to negligence in reporting the crime or instigating the arrest under the qualified privilege. Consequently, as a matter of law, Wold fails to meet all the elements of an Oregon negligence claim for the first negligent act. Summary judgment was properly granted by the district court.
 
 3. Trespass
 
 20
 In Oregon, a trespass may be either intentional, negligent, or the result of ultrahazardous activity. Martin v. Union Pacific Railroad, 474 P.2d 739, 740 (Or.1970). Trespass as a result of ultrahazardous activity does not apply to this case.
 
 
 21
 To claim intentional trespass, the plaintiff must show evidence that the acts setting in motion the invasion were done with knowledge that a trespass would result. Ream v. Keen, 828 P.2d 1038, 1039 (Or.App.1992), aff'd, 838 P.2d 1073 (Or.1992). There was no evidence that would indicate that Donohoe entered Wold's room with knowledge that a trespass would result. Therefore, if the trespass claim were viewed as an intentional trespass claim, summary judgment in favor of Red Lion and Donohoe was appropriate.
 
 
 22
 In order for there to be a negligent trespass claim, the negligent trespass must be the proximate cause of the harm. As previously discussed, Donohoe's trespass is not the proximate cause of Wold's damages. Therefore, as a matter of law, Red Lion and Donohoe prevail over Wold on the trespass claim.
 
 4. Invasion of Privacy
 
 23
 The magistrate judge recharacterized Wold's trespass claim as an invasion of privacy claim. An invasion of privacy requires that the intrusion be unreasonable and offensive. Trout v. Umatilla Co. School Dist., 712 P.2d 814, 817 (Or.App.1985), review denied, 716 P.2d 758 (Or.1986). There is no evidence to support that Donohoe's intrusion was unreasonable or offensive. In fact, Wold testified in his deposition that he hardly knew that Donohoe was in the room. Therefore, the summary judgment motion on the trespass claim was properly granted.
 
 
 24
 The summary judgment granted in favor of Red Lion and Donohoe on all claims was proper. The district court did not err.
 
 
 25
 C. SUMMARY JUDGMENT ON THE STATE CLAIMS AGAINST SPRINGFIELD, SLIMAK, AND BISHOP.
 
 
 26
 Summary judgment was granted against Wold on the ground that Oregon Revised Statute section 30.265(3)(a) barred the state law claims against appellees Springfield, Slimak, and Bishop. Wold appeals the summary judgment on the state claims. He argues that Oregon Revised Statute section 30.265(3)(a) has been declared unconstitutional by the Oregon Supreme Court. While this case was on appeal, the Oregon Supreme Court decided en banc Neher v. Chartier, 879 P.2d 156 (Or.1994).
 
 
 27
 ORS 30.265(3)(a) is a part of the Oregon Tort Claims Act. It provides that public bodies and their officers, employees and agents, acting within the scope of their employment are immune from liability for claims for injury to or death of any person covered by any workers' compensation law. ORS 30.265(3)(a).
 
 
 28
 In Neher, the Oregon Supreme Court found that ORS 30.265(3)(a) violates the Oregon Constitution. Id. at 161. The issue is to what extent ORS 30.265(3)(a) is unconstitutional.
 
 
 29
 In Neher, the personal representative of the decedent (who happened to be the parent) sued for wrongful death. The court reasoned that under ORS 30.020(1) (the wrongful death statute), the personal representative also brings a wrongful death action on behalf of the surviving parents. Under ORS 30.020(2)(d), the surviving parents were entitled to "[j]ustly, fairly, and reasonably compensate loss and for loss of the society, companionship and services of the decedent." Id. at 160. The court concluded that the interaction of ORS 30.020(1) (wrongful death action), with ORS 30.020(2)(d) (surviving parents' remedy) and ORS 30.265(3)(a) (Oregon Tort Claims Act) caused the estate to recover up to $3,000 for burial expenses in workers' compensation. The surviving parents of the decedent (in their capacity as parents, and not as estate representatives), who would otherwise be entitled to recover under ORS 30.020(2)(d), were left wholly without a remedy. Id. at 160. Therefore, the unconstitutionality of the statute was found to only apply in the circumstance where the plaintiff was left without a remedy. ORS 30.265(3)(a) is not a facially invalid statute ab initio.
 
 
 30
 In this case, Wold did receive a remedy. He received benefits under Oregon Workers' Compensation Law. Therefore, his state law claims of relief are still barred by ORS 30.265(3)(a). The district court did not err in granting Springfield's, Slimak's and Bishop's motions for summary judgment on the state claims.
 
 
 31
 D. PARTIAL SUMMARY JUDGMENT ON THE § 1983 CLAIM AGAINST SPRINGFIELD, SLIMAK, AND BISHOP.
 
 
 32
 Wold argues that there is a material issue of fact as to whether the police officers had qualified immunity for their actions.
 
 
 33
 A law enforcement officer is entitled to qualified immunity from civil liability for damages if a reasonable officer could have believed that the conduct was lawful, in light of clearly established law and the information the officers possessed. Hunter v. Bryant, 502 U.S. 224, 227 (1991) (quoting Anderson v. Creighton, 483 U.S. 635, 641 (1987)). "Even law enforcement officials who 'reasonably but mistakenly conclude that probable cause is present' are entitled to immunity." Id. (quoting Anderson, 483 U.S. at 641)).
 
 
 34
 Procedurally, qualified immunity should be decided by the trial court long before trial. Id. at 228. In determining whether an official acts reasonably, "the court should ask whether the agents acted reasonably under settled law in the circumstances, not whether another reasonable, or more reasonable, interpretation of the events can be constructed five years after the fact." Id.
 
 
 35
 There is sufficient evidence supporting the conclusion that a reasonable police officer could have believed from the information possessed by the officers that probable cause existed. First, in Donohoe's deposition, he stated that he told the police about the mystery thief. Furthermore, in Slimak's deposition, he stated that he was dispatched to a report of a possible criminal trespass or burglary and was told that it was possibly a disgruntled employee or a transient who had been arrested on numerous occasions on the Red Lion property for burglary. Finally, Officer Bishop testified at his deposition that he was told that Slimak and Donohoe believed there to be either a criminal trespass or a burglary occurring in room 257. Given this information, a reasonable officer could have believed probable cause existed. Only the claim of excessive force would be outside the scope of qualified immunity. Therefore, the partial summary judgment granted on the § 1983 claim is affirmed.
 
 E. EXPERT TESTIMONY
 
 36
 Wold asserts that the district court erred when it did not allow his expert to testify. The expert would have testified that in his opinion, there was no probable cause to believe a crime was being committed.
 
 
 37
 A district court's decision to admit expert opinion testimony is reviewed for abuse of discretion. United States v. Von Willie, 59 F.3d 922, 928 (9th Cir.1995).
 
 
 38
 Federal Rule of Evidence 702 provides: "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in he form of an opinion or otherwise." FRE 702; United States v. Hoac, 990 F.2d 1099, 1103 (9th Cir.1993), cert. denied, 114 S.Ct. 1075 (1994).
 
 
 39
 Probable cause was not an issue at trial because the magistrate judge had already found that the officers could reasonably have believed that probable cause existed. The appellees correctly point out that the only issue at trial was whether the officers had used excessive force. The court did not abuse it discretion when it did not allow appellant's expert to testify on probable cause.
 
 F. JURY INSTRUCTION
 
 40
 In giving jury instructions, the trial court stated: "The court has ruled that at the time Defendant Slimak entered Room 257, he had the right to enter and arrest Plaintiff for the felony crime of burglary. If Defendant Slimak chose not to immediately arrest plaintiff, he had the right to detain Plaintiff to further investigate the matter...."
 
 
 41
 Appellees Slimak, Springfield, and Bishop point out that appellant has not provided any record to this Court to substantiate his objection to the jury instructions at the time the instructions were given. Reviewing the record, and the excerpts of transcripts of proceedings, we could not find any objections to the jury instructions. "In a civil case, we may not review a jury instruction in the absence of a proper objection." Larez v. City of Los Angeles, 946 F.2d 630, 638 (9th Cir.1991).
 
 
 42
 Assuming arguendo that a proper objection was made, the crux of Wold's argument is that this jury instruction is based on the assumption that the officers had probable cause, when they did not have probable cause. This argument has no merit. As previously discussed, the district court properly concluded that the officers had probable cause. Therefore, the jury instructions fairly and adequately cover the only issue of excessive force and the district court did not abuse its discretion in giving the instruction.
 
 G. MOTION TO ALTER OR AMEND THE JUDGMENT
 
 43
 Wold argues that the trial court committed legal error when it denied his motion to alter or amend judgment under Fed.R.Civ.P. 59(e) because it treated the motion as a motion for relief from judgment due to newly discovered evidence under Rule 60(b). Wold also argues that the trial court erred in denying his motion to alter or amend judgment because testimony given by Donohoe at trial differed from his deposition testimony and supports Wold's argument in summary judgment.
 
 
 44
 A denial for reconsideration under Rule 59(e) is construed as one denying relief under Rule 60(b) and will not be reversed absent an abuse of discretion. Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir.1994). A review of summary judgment is limited to the record presented to the district court at the time of summary judgment. Lippi v. City Bank, 955 F.2d 599, 604 (9th Cir.1992). As was previously discussed, summary judgment was properly granted in favor of Red Lion and Donohoe. Therefore, the district court properly denied the motion to amend or alter the judgment under Fed.R.Civ.P. Rule 59(e).
 
 
 45
 At best, the motion to amend or alter the judgment could be converted to a motion for relief from judgment due to newly discovered evidence, under Fed.R.Civ.P. Rule 60(b)(2). Rule 60(b)(2) allows for relief from judgment where newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b). There is little difference between the two testimonies of Donohoe. The district court was correct to conclude that there was nothing in Donohoe's testimony to indicate that Wold could not have discovered this testimony prior to Donohoe's trial testimony. In fact, Wold already "discovered" Donohoe's testimony during his deposition. The district court did not abuse its discretion in denying Wold's motion to alter or amend judgment.
 
 
 46
 AFFIRMED.
 
 D.W. NELSON, Circuit Judge, dissenting:
 
 47
 I dissent from the majority's disposition to the extent that it holds that Red Lion and Donohoe are entitled to immunity from liability for negligence under Oregon's good faith exception.
 
 
 48
 Under the good faith exception, "public policy will protect the victim of a crime who, in good faith and without malice, identifies another as the perpetrator of the crime, although that identification may, in fact, be mistaken." Brown v. Far West Federal Savings & Loan Assoc., 674 P.2d 1183, 1186 (Or.Ct.App.1984) (quoting Shires v. Cobb, 534 P.2d 188, 189 (Or.1975)). While this rule is firmly grounded in Oregon law, Brown is the only case in which it has been applied to an apparent crime rather than an actual crime. Although Wold's negligence claim also involves the reporting of an apparent crime, his claim is distinguishable from Brown in a number of respects.
 
 
 49
 In Brown, an 80 year old man handed a bank teller a deposit slip on which someone had written (unbeknownst to him), "This is a holdup. Please do not cause any comotion [sic] or I will kill you. Deposit all your money to me. I have a gun with me and a bomb. Thank you." Brown, 674 P.2d at 1184. The bank called the police without investigating the threat. When the police came, they threw the man to the ground and arrested him, injuring him in the process. The court held that the bank had qualified immunity with respect to the claim that it had negligently failed to investigate the apparent crime because the bank called the police in good faith.
 
 
 50
 The majority claims that Red Lion, like the bank in Brown, acted in good faith when it called the police because Red Lion believed that a burglary was under way. An examination of this "burglary," however, reveals important distinctions between this case and Brown. This putative burglary involved charges made to an unoccupied hotel room. Unlike Brown, there was no indication of any danger or exigent circumstances that would excuse Red Lion for failing to conduct the most minimal investigation, which would have revealed that Wold was a legitimate guest. Furthermore, it is reasonable to expect the hotel to conduct such an investigation in light of Red Lion's duty as an innkeeper to protect its guests. See Fuhrer v. Gearhart-by-the-Sea, Inc., 760 P.2d 874, 879 (Or.1988). Even more disturbing is the fact that Donohoe testified that he had concluded that Wold was a legitimate guest before Wold opened the door to the police officers. Donohoe failed to notify the officers of this conclusion. On these facts, I believe that Brown is distinguishable and that Red Lion and Donohoe do not qualify for the good faith privilege.
 
 
 51
 This sensible reading of precedent is confirmed by public policy considerations. To hold that Red Lion and Donohoe are entitled to the good faith privilege under these circumstances unjustifiably expands Oregon law by turning a qualified privilege into a near-absolute privilege for anyone who calls the police and instigates an arrest. By extending the good faith privilege to this case, the majority goes beyond the policy justifications underlying the exception: The extension countenanced by the majority contributes not to the apprehension of criminals, but rather to the waste of law enforcement resources (including the resources devoted to defending against lawsuits like Wold's, brought by understandably aggrieved innocent citizens).
 
 
 52
 Because I believe that Red Lion and Donohoe are not entitled to the good faith exception, I would reverse the summary judgment granted by the district court on Wold's negligence claims against Red Lion and Donohoe.
 
 
 53
 I respectfully dissent.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3